**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5175**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

HOWARD SCOTT,

              Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00991-PMD-1)

───────────

Submitted:  April 19, 2011          Decided:  April 29, 2011

───────────

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Matthew J. Modica, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Scott pled guilty without a plea agreement to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2010). The district court calculated Scott's Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at 188 to 235 months' imprisonment and sentenced Scott to 188 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in accepting Scott's guilty plea and abused its discretion in imposing sentence. We affirm.

Because Scott did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Scott's guilty plea and that the court's omissions did not affect Scott's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and Scott entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v.

2

DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Scott's guilty plea.

Turning to the sentence imposed, we review it "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v.

3

_Hernandez_, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted). Additionally, before imposing sentence, the district court must afford the defendant an opportunity to allocute. _See_ Fed. R. Crim. P. 32(i)(4)(A)(ii); _United States v. Muhammad_, 478 F.3d 247, 249-50 (4th Cir. 2007).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." _Gall_, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. _United States v. Abu Ali_, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." _United States v. Montes-Pineda_, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range and heard argument from counsel for Scott and counsel for the Government. The court considered relevant § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of the nature and circumstances of the offense, Scott's history and characteristics, the need to provide just punishment, and the need to provide needed medical care to Scott. Although the

4

district court committed plain procedural error by failing to allow Scott the opportunity to allocute, see Muhammad, 478 F.3d at 249, we conclude that such error did not affect Scott's substantial rights, Hernandez, 603 F.3d at 273. Further, neither counsel nor Scott offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 188 months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Scott.

In accordance with Anders, we have also reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED