**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7669**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HOWARD SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00991-PMD-1)

Submitted: April 23, 2012        Decided:  April 27, 2012

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard Scott, Appellant Pro Se.  Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Scott pled guilty to one count of possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2011), and was sentenced to 188 months' imprisonment. He now appeals the district court's denial of his Fed. R. Crim. P. 36 motion seeking the correction of an error in the transcript of his guilty plea hearing. We have reviewed the record and find no reversible error.

The basis of Scott's motion concerns a statement made by counsel for the Government at the guilty plea hearing. The transcript of the hearing reflects that, after Scott affirmed his guilt to the charge in the indictment, counsel for the Government, while summarizing the relevant evidence, stated that 175 grams of heroin were associated with 465 glassine bags found during a search. Scott agreed with this summary of the evidence, and the district court accepted his guilty plea. Following this court's affirmance of the district court's judgment, United States v. Scott, 426 F. App'x 169, 171-72 (4th Cir. 2011) (No. 10-5175), Scott filed the subject motion under Rule 36 to correct the record.

Scott argued in the motion that, in making his oral summation of the evidence at the guilty plea hearing, counsel for the Government read from a forensic report that concluded

2

that a drug analysis of the 465 glassine bags revealed "a combined weight of 0.75 grams" of heroin in the sample tested. In an affidavit accompanying the motion that is not contradicted by any evidence in the record, Scott averred that, at the guilty plea hearing, counsel for the Government "read off of the report" that the amount of heroin associated with the 465 glassine bags was 0.75 grams, not the 175 grams listed in the hearing transcript. The obvious inference from this uncontradicted evidence is that the court reporter made a clerical error in transcribing the amount as 175 grams. Such an error was subject to correction under Fed. R. Crim. P. 36. See, e.g., United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996) ("A clerical error [subject to correction under Rule 36] must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotation marks and alteration omitted)); United States v. Vecchiarello, 536 F.2d 420, 425 (D.C. Cir. 1976) (rejecting an argument challenging the district court's correction of an error in the stenographer's notes of a sentencing hearing and citing to Rule 36 for the proposition that the court had "the duty and power" to correct errors in the record).

Nevertheless, we conclude that there is no need to remand this case to the district court for correction of the

3

error.  The error in the transcript and the district court's failure to correct it are harmless under Fed. R. Crim. P. 52(a), because Scott does not contest the validity of his conviction or sentence, and because our review of the record indicates that the error in no way undermines or otherwise affects Scott's conviction or sentence.  Accordingly, we affirm the district court's order denying Scott's Fed. R. Crim. P. 36 motion to correct the transcript of his guilty plea hearing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED