12-3880-cr
United States v. Lacorte

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand thirteen.

Present:
            ROBERT A. KATZMANN,
                        *Chief Judge*,
            DENNIS JACOBS,
                        *Circuit Judge*,
            KEVIN THOMAS DUFFY,
                        *District Judge*.[*]

---

UNITED STATES OF AMERICA,

            *Appellee*,

                        v.                                    No. 12-3880-cr

JOHN CIPOLLA, a/k/a Sealed Defendant 1, FRANK
BOEHME, a/k/a Sealed Defendant 2, ANTHONY
MASCUZZIO, a/k/a Sealed Defendant 3, JONATHAN
MASCUZZIO, a/k/a Sealed Defendant 4,

            *Defendants*,
FRANCIS LACORTE, a/k/a Sealed Defendant 5,

---

[*] The Honorable Kevin Thomas Duffy, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.*

_____

For Appellee:                      Peter M. Skinner, Michael A. Levy, Assistant United States
                                   Attorneys, *for* Preet Bharara, United States Attorney for the
                                   Southern District of New York, New York, NY

For Defendant-Appellant:           Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A.,
                                   Harwinton, CT


Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Francis Lacorte appeals from a September 7, 2012, judgment of conviction entered by the United States District Court for the Southern District of New York (Pauley, *J.*).  Lacorte pled guilty to one count of misprision of a felony, 18 U.S.C. § 4, and the district court sentenced him to time served and ordered him to make $153,725 in restitution.  On appeal, Lacorte challenges the restitution payment schedule set by the district court.  We presume the parties' familiarity with the remaining facts and procedural history of this case.

Lacorte argues that the restitution order is flawed in two respects.  First, he contends that the district court erred in requiring him to pay 50% of any of his UNICOR earnings while in the custody of the federal Bureau of Prisons ("BOP") towards restitution because the court failed to consider his ability to pay and because it had no authority to order that restitution payments be made from UNICOR earnings.  This argument is plainly without merit.  The district court acknowledged the fact that Lacorte would be "spending much of the rest of [his] life" in prison on unrelated state charges, which shows that the court was aware of Lacorte's limited financial

2

resources.  J. App'x 35; *see also United States v. Walker*, 353 F.3d 130, 134–35 (2d Cir. 2003) (district court need not make any particular statement on the record to demonstrate that it has considered defendant's ability to pay restitution).  We have explained that a restitution payment schedule may properly require a defendant to contribute a percentage of income earned while incarcerated.  *See United States v. Kinlock*, 174 F.3d 297, 301 (2d Cir. 1999).

Second, Lacorte argues that the portion of the order requiring him to pay $25 per quarter toward restitution from income earned in a BOP non-UNICOR work program should be stricken because the district court did not impose this condition during the oral pronouncement of sentence.  Again, Lacorte's argument is meritless.  Although a "direct conflict between an unambiguous oral pronouncement of sentence and the written judgment" must be resolved in favor of the oral pronouncement, the written judgment may properly resolve "genuine ambiguities in the oral sentence."  *United States v. Truscello*, 168 F.3d 61, 62–63 (2d Cir. 1999) (internal quotation marks and emphasis omitted).  Here, the written judgment of conviction merely clarified Lacorte's payment schedule in the event that he earned income from a non-UNICOR BOP work program.

We have considered all of the defendant's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK

3