# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11213

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

SHANNON RENEE WILEY,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-162

Before JONES, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Shannon Renee Wiley pleaded guilty to assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1). She was sentenced to eight years of imprisonment and three years of supervised release. On appeal, she argues that aspects of the district court's written judgment concerning restitution conflict with the court's oral pronouncement of her sentence. We affirm the district court's judgment with one modification.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11213

I.

In March 2014, while incarcerated in a Federal Bureau of Prisons facility in Fort Worth, Texas, Wiley initiated an oral confrontation with a correctional officer. Despite the correctional officer's attempts to defuse the situation, Wiley struck the officer in the face with a pencil, injuring the officer. On the basis of this incident, Wiley was charged with forcibly assaulting a federal officer engaged in the performance of her official duties, in violation of 18 U.S.C. § 111(a)(1).

Wiley waived indictment and pleaded guilty to the one-count felony information without a plea agreement. A Presentence Report (PSR) was then prepared, to which Wiley lodged no objections. On October 14, 2014, the district court, adopting the PSR's Sentencing Guidelines calculations, orally sentenced Wiley to 96 months of imprisonment and three years of supervised release. The court did not impose a fine, but ordered that Wiley pay restitution to the victim "provided that the Government files that information within the time period provided by statute." In addition to standard conditions of supervised release, the court stated:

> If upon commencement of the term of supervised release there is any . . . part of any restitution unpaid, [Wiley] shall make payments on such amount at the rate of *at least $50 per month* no later than 60 days after her release from confinement and every month thereof until paid in full.

A written judgment was signed and entered on October 14, 2014. Its description of restitution as a condition of supervised release essentially restated the oral pronouncement, but added the following language: "Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release." In a separate section titled "Fine/Restitution," the judgment noted that the amount of restitution had not yet been determined, and that non-payment of

2

No. 14-11213

restitution would "not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release." The court directed counsel for the parties to meet and confer on the issue of restitution in accordance with 18 U.S.C. § 3664.

About two weeks later, the parties stipulated to restitution in the amount of $3,830.28. On November 6, 2014, the district court entered an amended written judgment ordering restitution in that amount. The condition of supervised release relating to monthly payment of restitution, as well as much of the language in the "Fine/Restitution" section, remained the same as in the original written judgment. But in the "Fine/Restitution" section, the amended judgment adds: "If, upon commencement of the term of supervised release, any part of the *$3,830.28* restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount *at the rate of at least $100 per month . . . .*" This appeal followed.

II.

Although the parties agree this appeal is properly before us, we pause to resolve one complexity regarding Wiley's notice of appeal. In a handwritten letter signed October 14, 2014 (the same day the oral judgment and original written judgment were entered), Wiley clearly stated her intent to appeal her sentence.[1] That notice of appeal references the original written judgment entered on October 14—not the amended written judgment entered about three weeks later. Most of the conditions that Wiley challenges are contained

---

[1] The Government does not argue that Wiley's notice of appeal—postmarked November 5, 2014, and stamped as filed by the district court clerk on November 6, 2014— was untimely as to the original judgment, and affirmatively states that Wiley timely filed a notice of appeal. Therefore, timeliness poses no bar to our consideration of this appeal. *See United States v. Ortiz*, 613 F.3d 550, 554 (5th Cir. 2010) ("The *pro se* notice of appeal was untimely. The government notes the untimeliness but does not object to considering the merits. The time limit for appeal can be waived. We will review the merits of Ortiz's claims." (citation omitted)).

No. 14-11213

in both written judgments.  But as to the requirement that Wiley pay at least $100 a month in restitution, contained only in the amended judgment, the question arises whether Wiley's appeal complies with Federal Rule of Appellate Procedure 3(c)(1)(B), which requires a party to "designate the judgment, order, or part thereof being appealed."

"Rule 3 must be liberally construed in favor of appeals . . . ." *United States v. Cantwell*, 470 F.3d 1087, 1089 (5th Cir. 2006).  Thus, "a mistake in designating a judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991).  Moreover, "[f]ailure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990).  Here, it is clear that Wiley intended to appeal her sentence, and the Government does not dispute that the amended judgment is properly before us, or assert any prejudice from the arguably insufficient notice of appeal.  Indeed, the Government has fully briefed the issue arising from the amended judgment.  *See United States v. Winn*, 948 F.2d 145, 153–56 (5th Cir. 1991) (considering the merits when a notice of appeal failed to refer to a later-imposed sentence, but the government identified no prejudice from the arguable deficiency and the sentencing issues were fully briefed).  Therefore, we proceed to the merits.  *See United States v. Cheal*, 389 F.3d 35, 51–53 (1st Cir. 2004).

### III.

Wiley argues that we should vacate and remand her sentence because the district court's written judgment conflicts with its oral pronouncement of her sentence in several ways.  Wiley "had no opportunity at sentencing to consider, comment on, or object to the special conditions later included in the

written judgment." *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). So even though she raises these issues for the first time on appeal, we review for abuse of discretion, not plain error. *See id.*

A criminal defendant has a constitutional right to be present at sentencing. *Id.* at 380–81. So if "there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013). But "[i]f the written judgment simply clarifies an ambiguity in the oral pronouncement, we look to the sentencing court's intent to determine the sentence." *Id.* A conflict rather than an ambiguity exists "[i]f the written judgment broadens the restrictions or requirements of supervised release." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). Here, Wiley submits that there are three conflicts between her orally pronounced sentence and the amended written judgment.

## A.

First, Wiley argues that there is a conflict between (1) the oral pronouncement that if any restitution is unpaid when she is released, Wiley "shall make payments on such amount at the rate or at least *$50 per month*"; and (2) the amended written judgment's requirement that Wiley pay "at least *$100 per month*." As stated, the original written judgment and a different section of the amended judgment also reflect a $50 per month minimum payment. The Government agrees that these figures are "at odds," and asks us to "reform the sentence . . . by changing '$100' to '$50.'" Our review of the record reveals nothing that would lead us to question the Government's view that the inclusion of the $100 per month provision in the amended written judgment is a typographical error that conflicts with Wiley's orally pronounced sentence. Therefore, we will modify the judgment to conform the minimum monthly payment to the $50 pronounced at sentencing, and affirm the judgment as modified. *See* 28 U.S.C. § 2106 ("[A]ny . . . court of appellate

jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review . . . ."); *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009) (reforming and affirming a district court's judgment).

B.

Next, Wiley argues that the written requirement that any unpaid balance of restitution be paid in full sixty days prior to the termination of her supervised release conflicts with the oral pronouncement, which did not mention any such requirement. We disagree. At sentencing, the district court ordered that Wiley pay restitution in an amount to be determined, and that if any restitution remains unpaid when her supervised release begins, she must make payments of at least $50 per month during her period of supervised release "until paid in full." The district court's written judgment clarifies that, if Wiley has not satisfied her entire restitution obligation through monthly payments as she nears the end of her term of supervised release, she must pay it in full no later than sixty days before that term expires. *Cf. United States v. Cipolla*, 531 F. App'x 185, 186 (2d Cir. 2013) (unpublished) (holding that a district court's written requirement that a defendant pay $25 per quarter toward restitution if he earned income from a certain source, not mentioned at sentencing, "merely clarified [his] payment schedule in the event that he earned income from" that source).[2] This part of the written judgment therefore clarified a matter not specifically addressed in the oral pronouncement, and was not error. *See Tang*, 718 F.3d at 487.

---

[2] We note that Wiley does not argue that the requirement that she pay the $3,830.28 in full before the end of her supervised release is unreasonable in light of her financial situation. *Cf. United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001) (holding that a district court erred in requiring a defendant to pay $250,000 in restitution as a term of his three-year supervised release without considering the defendant's financial resources).

No. 14-11213

C.

Finally, Wiley challenges as conflicting with the district court's oral sentence the written statement that "non-payment [of restitution] will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release." But this statement does not "broaden[] the restrictions or requirements of supervised release." *Mireles*, 471 F.3d at 558. It merely clarifies that any delay in paying restitution only violates Wiley's terms of supervised release if she fails to comply with the payment schedule prescribed by the district court. Therefore, it does not conflict with the oral pronouncement of Wiley's sentence.

IV.

For the foregoing reasons, we MODIFY the district court's amended written judgment to reflect a minimum monthly restitution payment of $50 per month during Wiley's term of supervised release, and AFFIRM that judgment as modified.