# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50442
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ERNESTO FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-264-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Ernesto Flores appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on the ground that the evidence of his possession was insufficient for the jury to render a guilty verdict. Even though he acknowledges that the amended judgment correctly reflects the jury's verdict, he also argues that this court should vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence and remand for resentencing because the initial judgment erroneously stated that he pleaded guilty.

As Flores preserved his sufficiency argument through his Rule 29 motions at trial, our review is de novo. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). When considering the sufficiency of the evidence, this court evaluates all evidence, whether circumstantial or direct, "in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (internal quotation omitted). The jury may choose among any reasonable constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). We will uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). To support a conviction for being a felon in possession of a firearm, the Government must prove beyond a reasonable doubt that (1) the defendant previously had been convicted of a felony; (2) he knowingly possessed a firearm; and (3) the firearm traveled in or affected interstate commerce. *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009). Possession can be actual or constructive, sole or joint. *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012).

The evidence, when viewed in a light most favorable to the Government, was sufficient for the jury to find Flores guilty under a theory of constructive, joint possession of the firearms. The evidence revolves around a breaking and entering into a home. When the homeowner confronted two men outside his back door, they were holding a pillowcase containing firearms and two small black cases containing firearms. The men dropped the items and fled. Given the evidence presented, including some inconsistent and reasonably

implausible defense testimony, the jury rationally could have found the homeowner credible and rejected Flores's assertion that he did not assist with the breaking and entering. *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003); *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999) ("[A]ll credibility determinations are made in the light most favorable to the verdict."). Notably, the homeowner testified that he was only gone from his house for 30 minutes, which flatly contradicts the hour and a half timeline set forth in defense testimony. In rejecting the defense's timeline, the jury rationally could have found the defense testimony to be implausible, such as the testimony that Flores's brother burglarized the home alone, left it unattended and with all its property intact for an hour and half, and thereafter returned with Flores who helped carry a few containers that Flores knew nothing about. Based on the evidence presented, the jury rationally could have inferred that the burglars stashed firearms into containers for transport before leaving the house. Therefore, a jury's reasonable finding that Flores assisted with the breaking and entering establishes more than a plausible inference that Flores had knowledge of and access to the firearms charged in the indictment. *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). This interpretation of the evidence, having "link[ed]" Flores to the firearms, suffices to establish joint, constructive possession. *Anderson*, 559 F.3d at 353.

Lastly, Flores's argument for resentencing is without merit. The properly noticed appeal notwithstanding, the district court appropriately exercised its authority to correct a clerical error in the initial judgment under Rule 36 of the Federal Rules of Criminal Procedure. *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005); FED. R. CRIM. P. 36. Given that it is undisputed that Flores did not plead guilty, "the district court's amendment amounts to a

No. 16-50442

clerical revision that did not substantively alter [the] sentence." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008).

AFFIRMED.