# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10414

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN RUVALCAVA-GARZA,

      Defendant - Appellant

Appeal from the United States District Court
for the  Northern District of Texas
USDC No. 3:16-CR-292-1

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

      Upon consideration of the parties' briefing, we VACATE the district court's June 7, 2017 Amended Judgment.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10414

## BACKGROUND

On April 5, 2017, the district court orally sentenced Juan Ruvalcava-Garza to ninety-six months' imprisonment and two years of supervised release after Ruvalcava-Garza pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). That same day, the district court entered an order and judgment restating the oral pronouncement of Ruvalcava-Garza's sentence. There were no differences between the oral pronouncement and the written judgment that are relevant to this appeal.

On April 13, 2017,[1] Ruvalcava-Garza timely filed a *pro se* notice of appeal from his judgment and sentence. On June 7, 2017, after Ruvalcava-Garza's notice of appeal and two months after sentencing Ruvalcava-Garza, the district court entered an amended judgment, increasing Ruvalcava-Garza's term of supervised release from two years to three years. The term of imprisonment did not change. The language in the district court's order amending judgment is as follows:

> It has been brought to the Court's attention that the Mandatory Minimum term of Supervised Release is 3 years by statute. Therefore, pursuant to Fed. Crim. R. Pro. 36, the Court ORDERS upon release from imprisonment, a term of 3 years Supervised Release is imposed.

Ruvalcava-Garza did not file a separate notice of appeal from the amended judgment.

On appeal, the Federal Public Defender ("FPD") initially moved to withdraw and filed a brief relying on *Anders v. California*, 386 U.S. 738 (1967). This court denied the FPD's motion and ordered briefing on whether the

---

[1] It appears that Ruvalcava-Garza inadvertently listed the date on his notice of appeal as April 21, 2017. The document has a district court file stamp of April 13, 2017.

No. 17-10414

district court properly entered an amended judgment two months after sentencing, which increased the previously imposed two-year term of supervised release to three years, and on any other nonfrivolous issue.

## DISCUSSION

Ruvalcava-Garza, by and through the FPD, requests this court to vacate the district court's amended judgment, arguing that the district court lacked jurisdiction to enter the amended judgment. Ruvalcava-Garza argues that the district court lacked jurisdiction because: (1) the amended judgment was entered after Ruvalcava-Garza filed a notice of appeal, (2) the amended judgment did not constitute a correction of a clerical error under Federal Rule of Criminal Procedure 36, and (3) the amended judgment was not entered within the fourteen-day time limit of Federal Rule of Criminal Procedure 35(a).

The Government, relying on *Manrique v. United States*, 137 S. Ct. 1266, 1274 (2017), argues that the appeal should be dismissed as untimely because Ruvalcava-Garza did not file a separate notice of appeal from the amended judgment. Alternatively, the Government argues that the court should affirm the district court's amended judgment, asserting that the district court properly corrected a clerical error and filed an amended judgment under Federal Rule of Criminal Procedure Rule 36.

In reply, Ruvalcava-Garza argues that *Manrique* is distinguishable because the district court therein announced at sentencing that it was still considering a restitution order and later issued a restitution order from which the appellant failed to appeal. In contrast, Ruvalcava-Garza argues, the district court in this case pronounced its sentencing decision, issued a written judgment, and later ordered a contradictory sentence in the amended judgment.

The court must address the timeliness of Ruvalcava-Garza's notice of appeal before reviewing the merits of his argument.

No. 17-10414

## I.     Ruvalcava-Garza's Notice of Appeal Is Timely

"To secure appellate review of a judgment or order, a party must file a notice of appeal from that judgment or order." *Manrique*, 137 S. Ct. at 1271. In a criminal case, a defendant must file a notice of appeal within fourteen days of entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).

A timely notice of appeal in a criminal case is not a jurisdictional requirement and may be waived or forfeited. *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017). However, if the timeliness issue is properly invoked, it must be enforced. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17–18 (2017). Here, the Government invokes the issue.

In *Manrique*, a deferred restitution case, the Supreme Court held that where the Government objects to the timeliness of a notice of appeal, a defendant's "single notice of appeal, filed between the initial judgment and the amended judgment, is [in]sufficient to invoke appellate review of the later-determined restitution amount." 137 S. Ct. at 1270. The district court in *Manrique* entered an initial judgment against the defendant, imposing terms for imprisonment and supervised release and expressly deferring its restitution determination. *Id.* In its initial judgment order, the district court noted that it would enter an amended judgment with a restitution determination at a later date. *Id.* The defendant filed a notice of appeal from the initial judgment. *Id.* Subsequently, the district court held a restitution hearing and entered an amended judgment imposing restitution. *Id.* The defendant failed to file a separate notice of appeal.

On appeal, the defendant argued that his single notice of appeal sufficiently appealed both the initial judgment and the amended judgment imposing restitution, and therefore, was timely. *Id.* at 1272. The Court rejected the defendant's arguments observing, *inter alia*, that: (1) "deferred restitution cases involve two appealable judgments, not one"; and (2) when the

4

defendant had filed his notice of appeal, the district court had not "announced" its sentence on restitution, and therefore, "the notice of appeal did not spring forward to become effective on the date the court entered its amended judgment." *Id.* at 1273. The Court also observed that in deferred restitution cases, "the amount to be imposed is not always known at the time of sentencing. When that is the case, the court may enter an initial judgment imposing certain aspects of a defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment." *Id.* at 1270.

*Manrique*, a deferred restitution case, is distinguishable from the present case. Deferred restitution cases have unique circumstances that are not present here. In *Manrique*, the district court acknowledged at the initial sentencing hearing that restitution was mandatory, expressly deferred the restitution award, entered the initial written judgment that included an express deferral of the restitution award, conducted a restitution hearing a few months later, and then entered an amended judgment including the restitution award. *Id.*

Here, the district court entered its final written judgment after a sentencing hearing, where it orally pronounced its sentence, and made no oral or written statement regarding deferral of any sentence. Unlike in *Manrique*, the district court, had, in fact, "announced" its sentence before Ruvalcava-Garza filed his notice of appeal. Accordingly, we decline to apply *Manrique* to the present case and find that Ruvalcava-Garza's notice of appeal is timely.[2] We turn now to the merits of his claim.

---

[2] This court has previously reached the merits of an appeal notwithstanding the failure of the appellant to file separate notices of appeal from original and amended judgments. *See United States v. Wiley*, 641 F. App'x 381, 383–84 (5th Cir. 2016) (reaching merits where appellant timely appealed from original judgment but not from the later amended judgment and where the Government did not object); *see also Ballard v. Burton*,

## II.   The District Court Lacked Jurisdiction To Issue An Amended Judgment

Ruvalcava-Garza argues that the district court lacked jurisdiction because: (1) the amended judgment was entered after Ruvalcava-Garza filed a notice of appeal, (2) the amended judgment did not constitute a correction of a clerical error under Federal Rule of Criminal Procedure 36, and (3) the amended judgment was not entered within the fourteen-day time limit of Federal Rule of Criminal Procedure 35(a).

The Government argues that the district court properly corrected a clerical error and filed an amended judgment under Federal Rule of Criminal Procedure Rule 36.  The Government's argument is unpersuasive.

### A.   Standard of Review

This court reviews *de novo* the district court's reliance on Rule 36 to issue an amended judgment after a notice of appeal was filed.  *See United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014).

### B.   Analysis

Generally, the filing of a valid notice of appeal divests the district court of jurisdiction to take any action.  However, even after the filing of a valid notice of appeal, the district court may correct any clerical errors, act on matters to aid the appeal, and enforce its judgment, if the judgment has not been stayed or superseded.  *See United States v. Flores*, 683 F. App'x 281, 282 (5th Cir.), *cert. denied*, 138 S. Ct. 189 (2017); *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005).  Here, the district court entered an amended judgment nearly two months after Ruvalcava-Garza's timely notice of appeal.  Unless the

---

444 F.3d 391, 401 & n.7 (5th Cir. 2006) (observing that unpublished opinions issued in or after 1996 may be persuasive authority).

district court's action in filing the amended judgment fits within one of the limited exceptions, the district court erred.

The district court indicated that it acted pursuant to Federal Rule of Criminal Procedure 36. Rule 36 permits courts to correct clerical errors in a judgment at any time. *See* FED. R. CRIM. P. 36. However, courts may not rely on Rule 36 to alter the substance of the sentence orally pronounced. *See United States v. Spencer*, 513 F.3d 490, 491–92 (5th Cir. 2008). Thus, it is not the proper vehicle for amending a judgment to reflect the court's original sentencing intentions when those intentions were not pronounced at the sentencing hearing. *See id.*; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Rather, it is generally used to correct the written judgment when it does not conform to the court's oral pronouncement. *See Spencer*, 513 F.3d at 491–92. Accordingly, the district did not have authority under Rule 36 to enter an amended judgment, increasing Ruvalcava-Garza's supervised release term from the term pronounced at sentencing. *See id.*

Likewise, the district court did not have authority under Rule 35(a) to enter an amended judgment. Rule 35(a) permits the correction of "arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Such corrections, however, must be made within fourteen days after sentencing. *See id.* Here, the district court entered its amended judgment nearly two months after sentencing.

Finally, in entering its amended judgment, the district court did not seek to aid the appeal or enforce its original written judgment. Accordingly, the district court erred in entering an amended judgment.

## CONCLUSION

For the reasons stated herein, we VACATE the district court's June 7, 2017 Amended Judgment.