UNITED STATES of America, Appellee,

v.

**Jeffrey S. BURD, Defendant–Appellant.**

No. 699, Docket 95–1325.

United States Court of Appeals, Second Circuit.

Argued Dec. 20, 1995.

Decided June 12, 1996.

Jerry D. Bernstein, New York City (Michele C. Buckley, Bernstein & Maffeo, New York City, of counsel), for Defendant–Appellant.

Lewis J. Liman, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney, Southern District of New York, Thomas A. Arena, Alan J. Brudner, Nancy J. Northup, Assistant United States Attorneys, New York City, of counsel), for Appellee.

Before: KEARSE, MAHONEY and PARKER, Circuit Judges.

PARKER, Circuit Judge:

Jeffrey Burd appeals from an Amended Judgment and Conviction Order issued by the United States District Court for the Southern District of New York (Michael B. Mukasey, *District Judge*) which corrected a technical illegality in the innards of his original sentence, but left the actual duration of the prison term intact. Burd argues the district court lacked jurisdiction to make this

correction. We agree, vacate the corrected sentence, and remand for proceedings consistent with this opinion.

## I. BACKGROUND

In September, 1992, a jury found Jeffrey Burd guilty of twelve counts of wire fraud in violation of 18 U.S.C. § 1343. The wire fraud statute states that each violation of it may result in a prison sentence of "not more than five years." 18 U.S.C. § 1343. In November 1993, Judge Mukasey sentenced Burd to, among other things, prison "for a term of seventy-eight (78) months on each of counts 1 through 12 to run concurrently." Burd appealed his sentence to this court without making any argument about the illegal allocation of seventy-eight months to each count of conviction. We affirmed Burd's sentence in an unpublished summary order dated June 21, 1994.

In December 1994, the United States Attorney's office informed Judge Mukasey by letter that the warden at Burd's prison had recently noticed that concurrent terms of seventy-eight months on all twelve wire fraud counts contradicted the five year (sixty month) statutory maximum sentence found in 18 U.S.C. § 1343. In this letter, the government suggested to Judge Mukasey that he "simply amend the Judgment and Commitment Order ... in a manner that reaches the same result as that which the Court intended by way of consecutive terms of imprisonment."

In February 1995, the government wrote Judge Mukasey again, this time suggesting that Rule 36 of the Federal Rules of Criminal Procedure ("Rule 36") provided a mechanism for correcting the problem with Burd's sentence. Rule 36 provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

This letter stated the government's view that the "per-count allocation set forth in the Judgment and Commitment Order was plainly the result of a clerical error rather than a judicial one."

In March 1995, we decided *United States v. Werber*, 51 F.3d 342 (2d Cir.1995), in which we articulated the parameters of Rule 36 jurisdiction. In April, Judge Mukasey heard arguments regarding how *Werber* affected Burd's situation. Judge Mukasey acknowledged that "a mistake was made," and, in May 1995, published an "Amended Judgment and Commitment Order" (hereafter "Amended Judgment"). The Amended Judgment specified that Burd's seventy-eight month sentence reflected "sixty (60) months on each of counts [1 through 6] to run concurrently; and eighteen (18) months on counts [7 through 12] to run consecutive to the sentences imposed on counts [1 through 6] and concurrently to each other."

On this appeal, Burd does not argue that the substance of the corrected sentence is illegal. Instead he argues that Rule 36 does not authorize the district court to change the sentence in this way. Burd appears to assume that if the court agrees with his Rule 36 argument, the only remedy is that his sentence be reduced to sixty months. As explained below, we agree that the district court was without power to correct the sentence but disagree that the only recourse is to fix Burd's sentence at sixty months.

## II. DISCUSSION

### A. *Standard of Review*

As this case hinges entirely on the application of Rule 36 to the undisputed facts, we review the propriety of the district court's order de novo. *United States v. Forma*, 42 F.3d 759, 762 (2d Cir.1994).

### B. *Review*

At the outset, we emphasize that the legality of the duration of Burd's sentence is not in dispute. It was affirmed by this court in Burd's direct appeal, in which Burd failed to notice the technical problem with the sentence. Judge Mukasey intended a seventy-eight month sentence, and he could have legally allocated the sentence among the various counts in a large variety of ways pursu-

ant to United States Sentencing Guideline § 5G1.2(d).[1]

### 1. *Rule 36*

■ As indicated above, the Second Circuit addressed the scope of Rule 36 jurisdiction in *Werber*, 51 F.3d at 342. In that case, the district court incorrectly assumed that time served for related state offenses would be automatically credited against the federal sentence. This assumption went unstated. Upon learning that this assumption was wrong, the court changed the sentence pursuant to Rule 36 in order to reflect the court's original sentencing intentions. We reversed, holding that such a modification was more than a clerical correction. Therefore, Rule 36 did not give the district court jurisdiction to make such a change. "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." 51 F.3d at 343 (footnote omitted). "Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *Id.* at 347 (quotation marks omitted).

■ We agree with Burd that Judge Mukasey did more than correct a clerical error. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.* at 347 (quoting *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987)). An amanuensis is "one employed to write from dictation or to copy manuscript." Webster's Seventh New Collegiate Dictionary (1965). The mistake made here was not of this type; the correction required more than substituting a right number for a wrong number. The Amended Judgment changed the internal structure of the sentence. Thus, the district court lacked jurisdiction under Rule 36, and we vacate the Amended Judgment.

### 2. *Remedy*

■ Congress created the right to appeal a sentence such as Burd's in 18 U.S.C. § 3742. That statute allows a defendant to appeal "an otherwise final sentence if the sentence ... was imposed in violation of law." 18 U.S.C. § 3742(a)(1). As explained above, we agree that the Amended Judgment which corrected Burd's original sentence was "imposed in violation of law." *See also* 18 U.S.C. § 3742(e)(1). Burd assumes that this holding means his sentence will become sixty months. The government seems to suffer under the same assumption—"[t]o hold [in favor of Burd] would allow ... a technical error to result in a windfall for the defendant." Gov. Brief at 11. This assumption is incorrect. In *Werber*, after holding the district court lacked jurisdiction to change a sentence pursuant to Rule 36, the circuit court directed the district court to vacate the corrected judgment and reinstate the original sentence. 51 F.3d at 349. *See also United States v. Spilotro*, 884 F.2d 1003, 1009 (7th Cir.1989) (issuing writ of mandamus directing district court to reinstate original sentence after holding district court lacked jurisdiction to change sentence). When the court acts without jurisdiction, the normal remedy is to vacate the order of the court. *See, e.g., Baylis v. Marriott Corp.*, 843 F.2d 658, 663 (2d Cir.1988).

In this case, however, all parties agree, and we here hold, that Burd's original sentence was illegal. This court having so held, we remand for resentencing and authorize the district court to impose a seventy-eight month sentence with a legal allocation among Burd's twelve counts of conviction. Our refusal to countenance the original illegal sentence and our authority to remand for its correction, are grounded in our statutory authority to "direct the entry of such appropriate judgment, decree, or order, [and to] require such further proceedings to be had as may be just under the circumstances." 28

---

1. USSG § 5G1.2(d) states:

   If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.C. § 2106; *see also United States v. Minor*, 846 F.2d 1184, 1187 (9th Cir.1988) (recognizing § 2106 as source of circuit court authority to authorize district court to correct sentence).

We recognize the awkwardness of requiring resort to the circuit court before the district court is empowered to correct an illegal sentence. This inefficiency is especially striking in a case such as this, where the error of the original sentence is more than clerical but nonetheless obvious.

The enactment of 18 U.S.C. §§ 3582 and 3742 and the ratification of Rules 35 and 36 of the Federal Rules of Criminal Procedure reflect Congress' desire to insulate criminal sentences from change by the district court, but for a few exceptions. Portions of these statutes require participation by an appellate court before a sentence can be modified. Analogously, in this case the district court's authority to fix Burd's sentence once and for all stems from this court's review. The unusual nature of this case does not justify abandonment of the Congressional scheme. The interest in finality of sentences requires such inefficiencies.

### III. CONCLUSION

Accordingly, the Amended Judgment is vacated because it was imposed in violation of law. We hold, however, that the original sentence was also imposed in violation of law and order the district court to correct the illegality. On remand, the district court is authorized to refashion a legal sentence that totals seventy-eight months.