John BONILLA, Defendant–Appellant,

v.

UNITED STATES of America,
Appellee.

No. 05–4235–cr.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2007.

John Bonilla, pro se, Lisbon, OH, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant John Bonilla, *pro se*, appeals the order of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*) entered on July 22, 2005, denying his motion, without prejudice to its renewal by petition pursuant to 28 U.S.C. § 2255, to correct a clerical error in his judgment of conviction pursuant to Rule 36 of the Federal Rules of Criminal Procedure. We presume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

To the extent Bonilla's claim "hinges ... on the application of Rule 36 to the undisputed facts, we review the propriety of the District Court's order de novo." *See United States v. Burd*, 86 F.3d 285, 287 (2d Cir.1996). With regard to clerical errors, Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. We have stated that this rule "provides a limited avenue for correction of a judgment." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir.1997).

Rule 36 "does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence." *Id. (citing United States v. Werber*, 51 F.3d 342, 343, 347 (2d Cir. 1995)). Rule 35(a), in contrast, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Additionally, Rule 43(b)(4) provides that a defendant's presence is not required where the "proceeding involves the correction or reduction of sentence under Rule 35." Fed. R.Crim.P. 43(b)(4).

Here, the District Court properly denied Bonilla's motion because there was no clerical error in the written judgment of conviction, and thus no basis for relief under Rule 36. *See* Fed.R.Crim.P. 36. Moreover, the procedure followed by the District Court to correct its mathematical error was appropriate under Rule 35(a), as the District Court was correcting an obvious error that did not involve reconsidering an application, reopening the issues resolved at the sentencing hearing, or reconsidering the sentence. *See DeMartino*, 112 F.3d at 79 (citing Fed.R.Crim.P. 35 advisory committee's note (1991)). Bonilla's presence was thus not required under Rule 43(b)(4). Fed.R.Crim.P. 43(b)(4).[1]

The order of the District Court is AFFIRMED.

---

1. In 1998, Rule 43(c)(4) was amended so that it would permit a court to reduce *or correct* a sentence under Rule 35 without the defendant being present. *See* Fed.R.Crim.P. 35 advisory committee's note (1998).