12-429-cr
United States v. Diaz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
                  Circuit Judges,
         JANE A. RESTANI,
                  Judge.*

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    12-429-cr

LUIS DIAZ,

         Defendant-Appellant,

GREGORY COLLAZO, VICTOR ALVAREZ, JUAN
DIAZ, LUIS CORDERO, MIGUEL RAMOS, AKA
Mike, PEDRO OQUENDO, AKA El Grande,
AUREO GONZALEZ, CARMELO PACHECO, AKA
Papa Pericho, ALBERTO RODRIGUEZ,

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

ROBERT MERCADO, MICHAEL WARD, AKA
Black Mike, VICTORIA ALVERIO, AKA
Victoria Mora, AKA Evelyn,
            Defendants.**

- - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    Andrea L. Surratt, Brent S. Wible,
                                 Assistant United States Attorneys,
                                 for Preet Bharara, United States
                                 Attorney for the Southern District
                                 of New York, New York, New York.

FOR DEFENDANT-APPELLANT:         Luis Diaz, pro se, Otisville, New
                                 York.

        Appeal from the United States District Court for the

Southern District of New York (McKenna, J.).

        **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the memorandum and order of the district court is

**AFFIRMED.**

        Defendant-appellant Luis Diaz, proceeding pro se,

appeals from the district court's memorandum and order entered

January 17, 2012, denying his motion to correct a clerical error

in the judgment.  We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the

issues on appeal.

        Rule 36 of the Federal Rules of Criminal Procedure

provides that, after giving appropriate notice, "the court may

---

        ** The Clerk of the Court is directed to amend the
caption to conform to the above.

-2-

at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  We have described this rule as providing only "a limited avenue for correction of a judgment."  United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997).  Rule 36 "does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence."  Id. (citing United States v. Werber, 51 F.3d 342, 343, 347 (2d Cir. 1995)).  We review de novo a district court's decision on a Rule 36 motion.  See United States v. Burd, 86 F.3d 285, 287 (2d Cir. 1996).

Here, the written judgment accurately reflected the district court's oral pronouncement of Diaz's term of supervised release:  the court never specified that the term of supervised release was linked to a particular count.  Thus, the relief Diaz seeks -- tying the period of supervised release to a specific count in the indictment -- is not the sort of "clerical error" contemplated by Rule 36.  See Werber, 51 F.3d at 347 ("Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court.  What Rule 36 does not permit, however, is amendment of the oral sentence itself.").

Furthermore, the district court properly concluded that the judgment's description of the 18 U.S.C. § 924(c) convictions needed no correction. The "Nature of Offense" was described as "Possession of Firearm"; it was further identified by reference to a statute, by stating the date on which the offense had concluded, and by identifying particular counts of the indictment associated with the offense. As the judgment accurately reflected the offenses for which Diaz was convicted and sentenced, no clerical error is apparent. Accordingly, the district court did not err when it denied Diaz's motion to correct his judgment pursuant to Rule 36.[1]

We have considered Diaz's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the memorandum and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]     Indeed, the district court did make an error, but in Diaz's favor. Although Diaz was subject to a mandatory minimum term of supervised release of five years, see 21 U.S.C. § 841(b)(1)(A) (1990), the district court only imposed a four-year term.

-4-