13-1724-cr
USA v. Jennings

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fourteen.

PRESENT: ROBERT D. SACK,
         DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    13-1724-cr

KEITH JENNINGS,
         Defendant-Appellant.[1]
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            MOLLY CORBETT, Research &
                          Writing Specialist, Federal
                          Public Defender's Office, for
                          Lisa Peebles, Federal Public

---

[1]    The Clerk of Court is directed to amend the caption as above.

1

Defender for the Northern District of New York, Albany, New York.

**FOR APPELLEE:** ELIZABETH S. RIKER, Assistant United States Attorney, Of Counsel (John M. Katko, Assistant United States Attorney, Of Counsel, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a denial of a <u>pro se</u>[2] letter motion to correct the judgment of conviction (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED**.

Keith Jennings moves under Federal Rule of Criminal Procedure 36 to correct the written judgment of conviction entered on March 29, 2000, which states that he was convicted of violating 21 U.S.C. § 848(b). We review the district court's decision to deny Jennings's Rule 36 motion <u>de novo</u>. <u>See</u> <u>United States v. Burd</u>, 86 F.3d 285, 287 (2d Cir. 1996).

Jennings was convicted by a jury in the Northern District of New York on multiple charges related to his operation of a large-scale drug ring: (1) engaging in a continuing criminal enterprise ("CCE") under 21 U.S.C. § 848(a) and (c); (2) conspiracy to possess with intent to distribute and to distribute cocaine, crack cocaine and marijuana under 21 U.S.C. §§ 846, 841(a)(1); (3) two counts of possession with intent to distribute and distribution of cocaine under 21 U.S.C. § 841(a)(1); (4) two counts of possession with intent to distribute and distribution of cocaine base under 21 U.S.C. § 841(a)(1); and (5) conspiracy to commit money laundering under 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), (a)(1)(B)(i).

---

[2] Jennings appeared <u>pro se</u> below, but now is represented by counsel.

Jennings was sentenced to three life terms (one on the § 848 count), and three terms of twenty years, all to run concurrently.[3] Jennings failed in all of his post-conviction initiatives: a direct appeal; a motion under 28 U.S.C. § 2255; five motions for reduction of sentence under 18 U.S.C. § 3582(c); and motions for reconsideration and clarification and two appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Section 848(c) defines engagement in a "continuing criminal enterprise" as requiring, among other things, that the defendant had a supervisory position with respect to five or more persons, and obtained substantial income or resources from the offense. Subsection (a) prescribes a penalty of 20 years to life for anyone who engages in a CCE. Subsection (b) sets forth a penalty of mandatory life imprisonment if the defendant was one of the principal leaders of the enterprise, and the violation involved at least 300 times the quantity of a substance described in 21 U.S.C. § 841(b)(1)(B).

The Government claims that Jennings actually was sentenced under subsection (b) and that the requisite findings under that subsection were never submitted to the jury. This would have been error as "it was the government's burden to prove all the elements of section 848(b) beyond a reasonable doubt[.]" United States v. Torres, 901 F.2d 205, 229 (2d Cir. 1990).

However, it does not appear that Jennings' life sentence was imposed under subsection (b). Rather, the district court arrived at the life sentence under § 848 by a Guidelines calculation that properly took into account a broad range of factors, some of which would have been relevant to a conviction under subsection (b).

The only error is in the written judgment. Under Federal Rule of Criminal Procedure 36, "a district judge, at any time, [may] amend the written judgment so that it conforms with the oral sentence pronounced by the court." United States v. Werber, 51 F.3d 342, 347-48 (2d Cir. 1995). We therefore remand for the district court to amend the

---

[3] The narcotics conspiracy count was dismissed at sentencing as a lesser included offense of § 848.

judgment to reflect that Jennings was not convicted of a violation of 21 U.S.C. § 848(b).  Beyond that, no further proceedings are required.

For the foregoing reasons, we hereby REVERSE the denial of Jennings' Rule 36 motion and REMAND for clerical correction of the written judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK