17-2001-cr
*United States v. Jennings*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*.

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 17-2001-cr

KEITH JENNINGS, AKA Khan R. Jennings, AKA Paul, AKA Paul Ride, AKA Paul Jennings,

> *Defendant-Appellant*.[1]

For Appellee:                          CARINA H. SCHOENBERGER (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[1] The Clerk of the Court is directed to amend the caption as above.

1

For Defendant-Appellant:                      MOLLY K. CORBETT (James P. Egan, *on the brief*), Assistant Federal Public Defenders, *for* Lisa Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Keith Jennings ("Jennings") was convicted, after a jury trial, of multiple charges related to his operation of a large-scale drug ring, including (1) engaging in a continuing criminal enterprise ("CCE") under 21 U.S.C. §§ 848(a), (c); (2) conspiracy to possess with intent to distribute and to distribute cocaine, crack cocaine and marijuana under 21 U.S.C. §§ 846, 841(a)(1); (3) two counts of possession with intent to distribute and distribution of cocaine under 21 U.S.C. § 841(a)(1); (4) two counts of possession with intent to distribute and distribution of cocaine base under 21 U.S.C. § 841(a)(1); and (5) conspiracy to commit money laundering under 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), (a)(1)(B)(i). *See United States v. Jennings*, 563 F. App'x 53, 53–54 (2d Cir. 2014) (summary order). In March 2000, Jennings was sentenced to three life terms and three twenty-year terms of imprisonment based on the version of the United States Sentencing Guidelines ("Guidelines") in operation at the time of his original sentencing. Several years later, this Court determined that Jennings was eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On June 13, 2017, the district court held a § 3582(c)(2) hearing to decide whether to exercise its discretion to grant a sentence reduction. After calculating Jennings's revised Guidelines range as 360 months to life, the district court reduced Jennings's sentence to a 420-month term of imprisonment and entered an amended judgment on June 16, 2017. Jennings appeals from this amended judgment, claiming that the

2

district court should have granted a greater reduction in his sentence by imposing a 360-month term of imprisonment. We review sentencing reductions under § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Jennings failed to object at the time of his § 3582(c)(2) proceedings, and so his challenges on appeal are also subject to plain error review. *See United States v. Quintieri*, 306 F.3d 1217, 1234 (2d Cir. 2002) (applying plain error review because defendant-appellant did not object at the time of resentencing). We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

### A. Drug Quantity

First, Jennings claims that the denial of the full sentence reduction was based upon factual and legal errors regarding drug quantity. We disagree. The record shows that the district court accurately referred to the original sentencing court's finding that "the total . . . cocaine, cocaine base and marijuana attributable to the defendant was the equivalent of 275,985 kilograms." J.A. 241; *see also id.* at 188 (original sentencing court finding). And Jennings does not contest the district court's determination that "[t]he current Sentencing Guidelines result in combined drug equivalency totals of 52,550 kilograms," *id.* at 241, which yields a revised Guideline sentence of 360 months to life.

The only evidence that Jennings cites to support his contention that the district court erred is the district court's statement that the defendant, at his original sentencing, "received the benefit of conservative drug quantity calculations based on the examination of a time frame that was of lesser duration than the length of the conspiracy as charged in the superseding indictment." *Id.* at 243. The original sentencing court observed that its estimated drug quantity of 275,985 kilograms was based on the time period from March 1997 through

3

September 1998. Because Jennings was charged with a conspiracy that began in 1995 and spanned approximately three years, it was factually accurate for the district court here to observe that the drug quantity was a "conservative" estimate, "based on . . . a time frame that was of lesser duration than the length of the conspiracy as charged."[2] *Id.* The record thus reflects that the district court did not revisit the factual findings of the original sentencing court, which both parties agree would have been improper, nor relied on inaccurate information with regard to drug quantity. *See United States v. Rios*, 765 F.3d 133, 138 (2d Cir. 2014) ("[D]istrict courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court." (internal quotation marks omitted)); *see also* U.S.S.G. § 1B1.10(b)(1) ("In determining . . . a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . the court shall substitute only the [relevant Guideline] amendments . . . and shall leave all other guideline application decisions unaffected.").

## B. PSR and Communications with the Probation Office

Second, Jennings argues that the district court should have asked the Probation Office to prepare an amended Presentence Report ("PSR") because the original PSR recommended the wrong sentence based on an outdated Guidelines calculation and also erroneously indicated that Jennings had been convicted of violating 21 U.S.C. § 848(b). Relatedly, Jennings contends that the district court should have given notice of a supplement to the PSR or any other new information that it considered after receiving a "confidential probation recommendation" from the Probation Office. Def.-Appellant Br. 33. But an amended PSR or a supplement to the

---

[2] In its sentencing decision, the original sentencing court did mistakenly state that the drug quantity "does not even include the amount of drugs distributed ***prior to*** August 1997," when it really meant March 1997. J.A. 188 (emphasis in original). This was likely a mere typographical mistake, given that in the immediately preceding sentence, the court explained that the drug quantity included an estimate from March 1997 to August 1998. In any event, the record does not indicate that the district court here relied in any way on this discrepancy, but rather accurately noted that the drug estimate was based on a time frame considerably shorter than the charged conspiracy.

4

original PSR is not always required, even for plenary resentencing proceedings. *See, e.g., Quintieri*, 306 F.3d at 1234 ("We conclude that the district court did not commit error, much less plain error, by relying on the original PSR at resentencing."). Here, as already discussed, the record reflects that the district court did not make any findings inconsistent with that of the original sentencing court. Nor can Jennings point to anywhere in the record indicating that the district court relied on undisclosed new information, the wrong drug quantity, an outdated sentencing recommendation, or an assumption that Jennings was convicted of violating 21 U.S.C. § 848(b). Moreover, "§ 3582(c)(2) does not entail a 'plenary resentencing proceeding,' *Dillon* [*v. United States*, 560 U.S. 817, 826 (2010)], and thus is not subject to all of the procedural requirements that apply at sentencing." *United States v. Christie*, 736 F.3d 191, 195–96 (2d Cir. 2013) (citing U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.")). We find no plain error under these circumstances.

## C. Weighing the Relevant Sentencing Factors

Next, Jennings argues that the district court erred in its consideration of the relevant § 3553(a) factors. *See Christie*, 736 F.3d at 194–95 ("[T]he district court [is required] to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (internal quotation marks omitted)). Specifically, Jennings asserts that the district court overemphasized his prior offense conduct and failed to explicitly refer to his "age and correlated lower potential to reoffend," Bureau of Prison records indicating his post-sentencing behavior, and the fact that "leaders of a far more egregious and violent organization received a full reduction to 360 months." Def.-Appellant Br. 36; *see also id.* at 34–35. There is no

5

requirement that the district court must articulate facts already contained in Jennings's submissions during the § 3582(c)(2) proceedings, particularly where, as here, the district court acknowledged and even commended those submissions, referring to them as "well done" and "persuasive." J.A. 237; *see also United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("[W]e have declined to prescribe any specific verbal formulations to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing." (internal quotation marks and alterations omitted)). Given "the absence of record evidence suggesting otherwise, we presume that [the district court here] has faithfully discharged [its] duty to consider the statutory factors." *Id.* (internal quotation marks omitted). And even if this record could potentially support a greater reduction in Jennings's sentence, "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *Id.* at 131 (internal quotation marks omitted); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case."). Here, the record shows that the district court carefully considered the § 3553(a) factors and determined that Jennings's sentence should be reduced. We cannot say that the district court abused its discretion in granting Jennings a reduction from life to 420 months.

## D. Substantive Unreasonableness

Finally, Jennings argues that his 420-month sentence is substantively unreasonable. Assuming *arguendo* that a district court's decision to reduce a sentence pursuant to § 3582(c) is reviewable for substantive reasonableness, Jennings's challenge fails. *See Christie*, 736 F.3d at 195 (noting that § 3582(c)(2) proceedings are "not subject to all of the procedural requirements that apply at sentencing"). We will set aside a sentence as substantively unreasonable "only in

exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Taking into consideration the nature of Jennings's criminal conduct, the aggravating factors discussed in the record, and the fact that Jennings was originally sentenced to life imprisonment, Jennings's reduced 420-month sentence is neither "shockingly high" nor "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). We conclude that the district court's refusal to reduce Jennings's sentence further by an additional five years was not substantively unreasonable.

\* \* \*

We have considered Jennings's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7