*United States v. Lopez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                    *Circuit Judges*,
            KIYO A. MATSUMOTO,
                    *District Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee*,

        v.

JOSEPH A. LOPEZ,

        *Defendant-Appellant*.

17-4138-cr

---

| | |
|---|---|
| **FOR APPELLEE:** | Mary C. Baumgarten, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | Joseph A. Lopez, *pro se*, Bradford, PA. |

---

\* Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the December 14, 2017 order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Joseph A. Lopez ("Lopez"), proceeding *pro se*, appeals from the District Court's order denying his motion under Rule 36 of the Federal Rules of Criminal Procedure to correct an alleged clerical error in his pre-sentence investigation report ("PSR"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 36 motion de novo. *United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996). Rule 36 provides that, after giving appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error is one "of the sort that a clerk or amanuensis might commit, mechanical in nature," and not "one of judgment or even of misidentification." *Burd*, 86 F.3d at 288 (internal quotation marks and citation omitted). Rule 36 does not permit a court to amend the oral sentence. *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997).

Lopez argues that the District Court erred by failing to grant his Rule 36 motion to remove a 2-level enhancement under Section 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a dangerous weapon from the PSR. Specifically, he argues that because the District Court and Government agreed that defendant's counts concerning firearm use were dismissed, the sentencing enhancement based on firearm use was improper as the dismissed counts concerning firearms cannot be used against him for any purpose. Lopez does not dispute that the District Court indeed included this enhancement at sentencing. The inclusion of this enhancement was not a clerical error. Thus, Lopez's Rule 36 motion sought to alter his sentence by removing an enhancement imposed by the District Court at sentencing. This is plainly not the type of clerical error that would be within the narrow purview of Rule 36. Accordingly, the District Court did not err when it denied Lopez's motion to correct the PSR pursuant to Rule 36.

## CONCLUSION

We have reviewed all of the arguments raised by Lopez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2