22-1211-cr
*United States v. Dhinsa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-four.

PRESENT:
        GUIDO CALABRESI,
        MYRNA PÉREZ,
            *Circuit Judges,*
        ANNE M. NARDACCI,
            *District Judge.*[*]

_____

United States of America,

        *Appellee,*

      v.                                22-1211

Gurmeet Singh Dhinsa,

        *Defendant-Appellant.*[†]

_____

---

[*] Judge Anne M. Nardacci of the United States District Court for the Northern District of New York, sitting by designation.
[†] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLEE:** Nicholas J. Moscow, Anna L. Karamigios, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:** Gurmeet Singh Dhinsa, pro se, Minersville, PA.

Appeal from an order of the United States District Court for the Eastern District of New York (Edward R. Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Gurmeet Singh Dhinsa, pro se and incarcerated, appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion to amend the judgment. Dhinsa is serving a life sentence for participating in a racketeering enterprise. *See United States v. Dhinsa*, 243 F.3d 635, 641–48 (2d Cir. 2001) (discussing the background of the case on direct appeal). In addition to the custodial sentence, he was also required to pay a $2,000 special assessment, $500,000 fine, and $1,669,010 restitution pursuant to a consent order incorporated into the judgment.

As relevant here, on direct appeal, we vacated three of Dhinsa's twenty-one counts of conviction. *See id.* at 677–78. Dhinsa and the Government then entered an amended consent order with the same fine and restitution, but with a special assessment that was $200 lower (accounting for the vacated counts). Dhinsa nevertheless paid the amount in the original consent order.

2

Twenty years after the amendment and ten years after the satisfaction of judgment—and after several prior collateral attacks—Dhinsa filed the motion that is the subject of this appeal. He argues that he should be reimbursed for the restitution, fine, and special assessment on the vacated counts of conviction, despite the amended consent order. The district court granted partial relief and ordered the Government to return $200, but it did not modify the restitution and fine that were (in Dhinsa's framing) related to the vacated counts. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

The Government contends that Dhinsa waived any challenge to the restitution and fine.[3] Even if we considered the merits of Dhinsa's challenge, however, his challenge fails. To the extent that Dhinsa brought his motion pursuant to Rule 36, we review its denial de novo. *United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996). Rule 36 provides that, after giving appropriate notice, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, "Rule 36 covers only minor, uncontroversial errors," and is not a mechanism for remedying an "error of law." *United States v. Werber*, 51 F.3d 342, 347–48 (2d Cir. 1995). Here, Dhinsa does not

---

[3] Dhinsa agreed to the amended consent order *after* the relevant counts were vacated. The amended consent order stated that the terms of the original consent order remained in full force and effect. Gov. App'x at 63. In the original consent order, Dhinsa agreed to "waive[] any and all defenses to the restitution and fine ordered in this case, including but not limited to, defenses based on double jeopardy, any applicable statute of limitations, or the excessive fines clause of the Eighth Amendment." Gov. App'x at 42. "Various circumstances can manifest a defendant's intentional relinquishment of a known right. For example, this [C]ourt has recognized waiver where a party actively solicits or agrees to a course of action that he later claims was error." *United States v. Spruill*, 808 F.3d 585, 597 (2d Cir. 2015) (collecting cases); *see also Peretz v. United States*, 501 U.S. 923, 936 (1991) ("The most basic rights of criminal defendants are . . . subject to waiver."). Valid waivers "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Here, Dhinsa does not argue that the waiver to any defenses to the restitution in the consent orders was involuntary or unknowing.

dispute that he agreed to the restitution and fine in the amendment, and instead challenges the amount he paid on the basis that it was unconstitutional. Therefore, the error he identified is not the type that can be remedied through a Rule 36 motion. *See id.* at 348 ("[A]n error of law[ is] not an error of transcription.").[4]

Dhinsa argues that, in the alternative, the district court could grant relief, modify the consent order, and reimburse him via a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. We review a district court's decision to grant or deny relief under the All Writs Act for abuse of discretion. *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 130 (2d Cir. 2015).

This Court has not directly held that coram nobis is available for a collateral challenge to restitution. But, we have contemplated the "possibility that *coram nobis* could afford collateral relief from restitution." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (citation omitted). In *Rutigliano*, we held that the "challenged restitution orders [t]here manifest[ed] no fundamental error" and, therefore, this Court did not need to "decide if, or when, *coram nobis* might be invoked collaterally to challenge the restitution component of a criminal sentence because, even assuming [the defendant] could do so [t]here, her claim would necessarily fail on the merits." *Id.* Similarly here, even assuming coram nobis relief would have been available, such relief is not warranted because Dhinsa's challenge fails on the merits.

---

[4] We observe that the district court *did* amend the judgment to reflect the correct value of the special assessment, but that modification was specifically contemplated by the amended consent order—and achieved by operation of law, because the amount of the special assessment is governed by the number of counts, *see* 18 U.S.C. § 3013—and was therefore an "oversight or omission" within the ambit of Rule 36. And even if it were otherwise, the Government has not appealed the partial grant of relief, so its propriety is not before the Court.

A petitioner seeking coram nobis relief "must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citation omitted).

Dhinsa did not demonstrate circumstances compelling the modification of the consent order and the amendment, or compelling reimbursement to achieve justice. He voluntarily agreed to payment of restitution on the vacated counts after the counts were vacated. He cites *Nelson v. Colorado*, 581 U.S. 128 (2017), for the proposition that restitutions and fines for vacated counts are unconstitutional, but *Nelson* is inapposite. *Nelson* decided only the constitutionality of a Colorado statute requiring criminal defendants to show actual innocence by clear and convincing evidence before they could recoup restitution and fines for overturned convictions. *Id.* at 134. *Nelson*, however, did not create a per se rule that restitution and fines premised in some fashion on vacated counts cannot be constitutionally imposed or collected. Nor did Dhinsa demonstrate sound reasons for not seeking appropriate relief until twenty years after the amended consent order and ten years after the satisfaction of judgment. As such, to the extent that Dhinsa brought his motion via a writ of coram nobis under the All Writs Act, his motion is meritless.

Finally, we note Dhinsa's assertion that the Government had not complied with the district court's order to reimburse him for $200. But the record indicates that the Government has complied as of June 2023.

We have considered Dhinsa's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

                                                   FOR THE COURT:
                                                   Catherine O'Hagan Wolfe, Clerk of Court