23-7071-cr
United States v. Kelly

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-four.

PRESENT:
>JON O. NEWMAN,
>JOSÉ A. CABRANES,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

United States of America,

>*Appellee,*

>v.                                                          23-7071

Thomas M. Kelly,

>*Defendant-Appellant.*

_____

FOR APPELLEE:                          Adam Z. Margulies, Nathan
                                       Rehn, Assistant United States
                                       Attorneys, *for* Damian Williams,
                                       United States Attorney for the
                                       Southern District of New York,
                                       New York, NY.

FOR DEFENDANT-APPELLANT:                Thomas M. Kelly, pro se,
                                        Pittsburgh, PA.


Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying a correction to the judgment pursuant to Federal Rule of Criminal Procedure 36 is **AFFIRMED**.

## BACKGROUND

Thomas Kelly, pro se, appeals the district court's denial of his motion, made pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), to correct a supposed clerical error in the written judgment related to the district court's order of restitution in his criminal case.[1]

---

[1] Rule 36 reads: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.

The district court denied the motion, reasoning that there was no inconsistency between its prior oral pronouncement and the written judgment. *See United States v. Kelly*, No. 09-cr-163 (DLC), 2023 WL 5432202, at *2 (S.D.N.Y. Aug. 23, 2023) (holding there was "no clerical error in identifying CEF as the victim to whom restitution was owed").

Kelly appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## DISCUSSION

We agree with the district court that Kelly's Rule 36 motion is meritless because the alleged mistake he identifies is not clerical, and thus cannot be fixed through Rule 36. Our review of an order denying a Rule 36 motion is *de novo* when, as here, the facts are undisputed. *United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996) (citation omitted).

Clerical errors are normally typographical or transcriptional. *See United States v. Jacques*, 6 F.4th 337, 341 (2d Cir. 2021) (describing common Rule 36 clerical errors like listing the wrong statutory citation or misspelling the defendant's name). The alleged error here is the district court's identification of a party Kelly believes to be the wrong party as the recipient of the restitution. Kelly is correct

3

that *United States v. Werber*, 51 F.3d 342 (2d Cir. 1995), held that the oral pronouncement generally prevails when there is an inconsistency between the oral pronouncement and the written judgment. Oral Arg. Audio Recording at 1:37-1:50; *see Werber*, 51 F.3d at 347 ("Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral sentence pronounced by the court."). If the oral pronouncement had identified one recipient and the written judgment another, Rule 36 might authorize the relief Kelly requests. But, there is no such discrepancy here. Kelly is incorrect that *Werber* supports his misuse of Rule 36 to resurrect a substantive challenge about double recovery. *See* 51 F.3d at 347 ("Rule 36 is not a vehicle . . . for the correction of errors made by the court itself.") (internal quotation marks omitted).

\* \* \*

We have considered Kelly's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4