*United States v. Abdullah*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2ⁿᵈ day of June, two thousand twenty-five.

Present:

> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

───────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                    24-1890-cr

TAUFIQ ABDULLAH,

> *Defendant-Appellant*.

───────────────────────────────

| | |
|---|---|
| *For Defendant-Appellant*: | John Buza, Konta Georges & Buza P.C., New York, NY. |
| *For Appellee*: | Henry L. Ross (Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and **REMANDED** for entry of an amended judgment**.**

Defendant-Appellant Taufiq Abdullah appeals from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *District Judge*), entered on June 28, 2024, sentencing him principally to seventy-two months of imprisonment and three years of supervised release following his guilty plea to one count of firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A) (Count One) and one count of transportation and possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count Two). These convictions were based on Abdullah's sale of untraceable "ghost guns" to a confidential informant. On appeal, Abdullah argues that his sentence is substantively unreasonable because the district court gave no weight to the mitigating circumstances he presented. We assume the parties' familiarity with the case.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1] "District courts must consider the sentencing factors outlined in 18 U.S.C. § 3553(a), and on review, we account for the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion." *United States v. Yilmaz*, 910 F.3d 686, 689 (2d Cir. 2018). "[W]e will not substitute our own judgment for the district court's on the question of what is

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

sufficient to meet the § 3553(a) considerations in any particular case but will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013). Moreover, although we do not presume that a sentence that is within the U.S. Sentencing Guidelines range is reasonable, "that conclusion is warranted in the overwhelming majority of cases." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015).

Upon review of the record, we reject Abdullah's argument that his sentence is substantively unreasonable. In their statements to the district court before and at sentencing, Abdullah and his counsel discussed Abdullah's challenging personal history, his struggles with alcoholism, his acceptance of responsibility, his remorse, and the conditions of his pretrial confinement. Before imposing Abdullah's sentence, the district court confirmed that it had considered all of that mitigating information, as well as the § 3553(a) factors. The district court then imposed a term of imprisonment that was within Abdullah's Guidelines range of sixty-three to seventy-eight months. Abdullah argues that the district court should have placed more importance on his mitigating circumstances, but we have held that "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). On this record, we find no basis to disturb the district court's assessment of the relevant weight to give each factor in this case, and so we conclude that Abdullah's sentence falls within the range of permissible decisions.

\* \* \*

We have considered Abdullah's remaining arguments and find them to be unpersuasive. However, as the Government points out, the district court's written judgment lists only an

3

aggregate seventy-two-month term of imprisonment, without specifying how that sentence is allocated between the two counts of conviction. We note that the statutory maximum sentence for Count One, which is a violation of 18 U.S.C. § 922(a)(1)(A), is sixty months; whereas the statutory maximum sentence for Count Two, which is a violation of 18 U.S.C. § 922(g)(1), is fifteen years. It is therefore apparent that a seventy-two-month sentence would exceed the statutory maximum for Count One. The Government does not oppose a remand to the district court for the limited purpose of amending the judgment to clarify how the aggregate seventy-two-month sentence shall be allocated between the two counts of conviction, including to what extent any portions shall run concurrently or consecutively. We exercise our authority to do that here. *See United States v. Burd*, 86 F.3d 285, 288-89 (2d Cir. 1996). Accordingly, we **AFFIRM** the judgment of the district court and **REMAND** for entry of amended judgment clarifying how Abdullah's aggregate seventy-two-month sentence is allocated between his two counts of conviction.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court

4