UNITED STATES of America, Appellee,

v.

Elston RANSOM, Defendant–Appellant.

No. 192, Docket 88–1096.

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1988.

Decided Jan. 30, 1989.

Daniel H. Murphy, II, New York City, for defendant-appellant.

Barbara Guss, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Linda Imes, Asst. U.S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, NEWMAN, and GARTH,* Circuit Judges.

* The Honorable Leonard I. Garth of the United States Court of Appeals for the Third Circuit, sitting by designation.

PER CURIAM:

Elston Ransom appeals from a judgment of the District Court for the Southern District of New York (John M. Walker, Judge) convicting him, after a jury trial, on a one-count indictment charging mail fraud in violation of 18 U.S.C. §§ 1341 and 2 (1982). The appeal challenges only the lawfulness of the sentence. Because the sentence was amended after the filing of Ransom's notice of appeal, at a time when the District Court lacked authority to make a substantive amendment of the sentence, we remand to the District Court so that it may enter the sentence it deems appropriate.

Ransom was sentenced by Judge Walker on February 17, 1988. That sentence, set forth in a formal judgment and commitment order entered on February 22, 1988, sentenced Ransom to imprisonment for twenty-four months, a term he is now serving. In addition, he was ordered to serve two years of "supervised release" to run consecutively to a five-year term of probation that was part of a sentence imposed by Judge Robert J. Ward in a different Southern District case in 1986. Judge Walker also required Ransom to make restitution, and the judgment specifies that restitution is a condition of the supervised release. Finally, Judge Walker prohibited Ransom from engaging in the business of mail order sales.

On March 2, 1988, Ransom filed a notice of appeal. The notice stated that appeal was taken from a judgment and an order entered on February 17, 1988. That was the date of the oral pronouncement of sentence, though the formal judgment and commitment order was entered five days later.

On March 7, 1988, Judge Walker entered an amended judgment and commitment order. The new judgment made four changes. First, the two-year term of supervised release was dropped. Supervised release is a form of punishment authorized by the Sentencing Reform Act of 1984, Pub.L. No. 98–473, tit. II, § 212(a)(2), 98 Stat.1987 (codified at 18 U.S.C. § 3583 (Supp. IV 1986)), for those convicted of offenses occurring after November 1, 1987.

Judge Walker had recognized at the time of sentencing that the new sentencing statute did not apply to Ransom's offense, which had been committed prior to November 1, 1987. Nevertheless, a term of supervised release was inadvertently included in the sentence.

The second change in the March 7, 1988, amended judgment was to specify restitution as an absolute requirement, instead of as a condition of supervised release. Third, the amended judgment clarified that payment of the portion of restitution to be paid out of Ransom's salary was to occur when Ransom was released on the probation ordered by Judge Ward, whereas Judge Walker's original judgment had said only that payment would begin "upon release." Finally, the amended judgment omitted the prohibition on Ransom's engaging in mail order sales, presumably because this prohibition had been contained in Judge Ward's sentence, though that prohibition is to last only for the duration of the term of probation.

■ On appeal, Ransom contends that the order of restitution must fall with the elimination of the period of supervised release since the latter was conditioned on restitution. We do not reach the merits of that contention (though we surely do not intend to indicate any support for it) since we conclude that the sentence must be remanded to the District Court to make its revision unimpaired by the pendency of an appeal.

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). That rule applies in criminal cases. *Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *United States v. Katsougrakis*, 715 F.2d 769 (2d Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984). Though we have recognized that the rule does not preclude a district court, after notice of appeal has been filed, from "correcting clerical errors

under Fed.R.Crim.P. 36 or from acting to aid the appeal," *id.* at 776 n. 7, we have not relaxed the rule to the point of permitting substantive modifications of judgments. The fact that the principal change made in this case, the elimination of supervised release, benefits the appellant is not a reason for deeming the District Court authorized to act after notice of appeal has been filed.

The Government invites us to follow the more flexible approach of the Ninth Circuit, which has held that a district court may grant a motion to reduce sentence under Fed.R.Crim.P. 35(a), after notice of appeal, to correct a clear illegality. *Doyle v. United States,* 721 F.2d 1195 (9th Cir. 1983); *see also United States v. Edwards,* 800 F.2d 878, 883 (9th Cir.1986) (viewing *Doyle* as a "mechanical" correction of a clear illegality). However, we agree with those circuits that have ruled that a district court may not grant a Rule 35 motion pending appeal of a judgment, even to correct an illegal aspect of a sentence. *United States v. Mack,* 466 F.2d 333, 340 (D.C. Cir.1971), *cert. denied,* 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972); *United States v. Hill,* 447 F.2d 817, 819 (7th Cir. 1971). Though some inefficiency may occasionally result from the need to return a case for resentencing, it is preferable to have a district court act to modify a judgment substantively only in the absence of a pending appeal. If not technically a matter of jurisdiction, *see* 9 *Moore's Federal Practice* ¶ 203.11, at 3–45 n. 1 (2d ed. 1988), this approach promotes the orderly conduct of business in both the trial and appellate courts.

In the analogous situation of a motion for a new trial submitted to a district court pending appeal from a conviction, it is well settled that the district court may deny the motion while an appeal is pending, *United States v. Cronic,* 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984) (collecting cases), but may not grant such a motion except upon remand by the court of appeals, *see* Fed.R.Crim.P. 33, after receipt of the district court's indication of an intention to grant the motion, *see United States v. Comulada,* 340 F.2d 449, 452 (2d Cir.), *cert. denied,* 380 U.S. 978, 85 S.Ct. 1343, 14 L.Ed.2d 272 (1965). In the pending case, Judge Walker's amended judgment obviously serves as an adequate notice of his intention to modify the sentence and occasions our remand. In the future, district courts contemplating any substantive modification of a judgment pending appeal should refrain from entering an amended judgment and simply provide notice to this Court of an intention to modify.

Even though the supervised release portion of Ransom's original sentence is illegal, we will remand this case to the District Court for entry of a modified sentence. *See United States v. Elkin,* 731 F.2d 1005, 1011 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984). This will restore authority to the District Court to enter whatever sentence it deems appropriate, including such lawful provisions of the original sentence as it wishes to impose. Whatever complaint Ransom may have with respect to the terms of the modified sentence may be raised on a timely appeal from the revised judgment.

The conviction, which is not challenged, is affirmed; the case is remanded for resentencing.