99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Leon OSAHON, a/k/a "A1", Defendant-Appellant.
 No. 95-1053.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 For defendant-appellant: Arthur J. Viviani, New York, New York, and Leon Osahon, pro se, Fort Dix, New Jersey.
 For appellee:Melissa P. Murphy, U.S. Atty's Office, E.D.N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before OAKES, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of sentence of the district court be and it hereby is AFFIRMED.
 
 
 3
 Leon Osahon appeals from a judgment of sentence entered in the United States District Court for the Eastern District of New York (I. Leo Glasser, Judge ). Osahon pled guilty to a drug-trafficking charge. During the presentence investigation, he falsely stated that he had a wife and two children, and asked an acquaintance to pose as his "wife" to carry out this lie. Consequently, the presentence report ("PSR") recommended that he receive a two-level upward adjustment for obstruction of justice. And, because Osahon showed no signs of "extraordinary" contrition, the PSR recommended that he not receive any downward adjustment for acceptance of responsibility. Judge Glasser adopted these recommendations in toto and sentenced Osahon to 151 months' imprisonment and five years' supervised release.
 
 
 4
 On appeal, Osahon's counsel argues that: (1) Judge Glasser erred by imposing the upward adjustment for obstruction of justice and denying the downward adjustment for acceptance of responsibility without giving Osahon notice of his intention to do either; and (2) according to the sentencing transcript, Judge Glasser imposed a 150-month sentence, rather than the 151-month sentence reflected in the judgment, necessitating a remand. Osahon, pro se, adds arguments that (3) he did not obstruct justice because his lies during the presentence investigation were immaterial, and that he deserved an acceptance of responsibility adjustment because he pled guilty. None of these arguments has merit.
 
 
 5
 1. Counsel's "notice" argument misapprehends our holding in United States v. Zapatka, 44 F.3d 112 (2d Cir.1994). There, we held that a district court must give a defendant notice prior to sentencing if it is considering an upward adjustment on a basis not mentioned in the defendant's PSR. See id. at 115-16. Underlying Zapatka was our concern that, absent such notice, the defendant could not adequately respond to the court's spur of the moment decision at sentencing to employ a different calculus than the one recommended in the PSR. See id at 113-16. Here, however, Judge Glasser adopted the PSR's very recommendations regarding the obstruction of justice and acceptance of responsibility adjustments. Osahon had ample notice. Zapatka is thus wholly inapposite.
 
 
 6
 2. As for the discrepancy between the sentencing transcript and the judgment, there is no need to remand. Judge Glasser has since corrected the transcript to accurately reflect the 151-month sentence he intended to impose. Because a district court may correct such clerical errors during the pendency of an appeal, see Fed.R.Crim.P. 36; United States v. Osahon, 866 F.2d 574, 575-76 (2d Cir.1989), this claim is now moot.
 
 
 7
 3. Osahon's arguments concerning obstruction of justice and acceptance of responsibility border on the frivolous. To begin with, his counsel did not object to the PSR, whose recommendations on these issues Judge Glasser followed. Consequently, absent plain error, Osahon has waived his challenge to these rulings. See United States v. Keppler, 2 F.3d 21, 23-24 (2d Cir.1993). Unless Judge Glasser committed a "clear" or "obvious" error that "affected substantial rights," we must affirm. United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993).
 
 
 8
 There was no error here, let alone plain error. Osahon lied during the presentence investigation about having a wife and children. That lie, if believed, could have led Judge Glasser to sentence him to the bottom of the applicable guideline range, making the upward adjustment for obstruction of justice appropriate. See U.S.S.G. § 3C1.1, comment. (n.5) (1994). As for acceptance of responsibility, Osahon mistakenly believes that his guilty plea automatically entitled him to this downward adjustment as a matter of right. It did not. See U.S.S.G. § 3E1.1, comment. (n.3) (1994); see also Stinson v. United States, 113 S.Ct. 1913, 1915, 1917-20 (1993) (commentary in the Guidelines Manual that interprets or explains a guideline is generally binding).
 
 
 9
 Accordingly, the judgment of sentence is AFFIRMED.