20-1762 (L)
USA v. Jacques

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2020

(Motion Submitted:  February 24, 2021          Decided:  July 26, 2021)

Docket Nos. 20-1762, 20-3276, 20-3286

_____

UNITED STATES OF AMERICA,

*Appellee,*

- v. -

GARY JACQUES,

*Defendant-Appellant.*[*]

_____

Before:  KEARSE and CARNEY, *Circuit Judges*[**].

---

[*]     The Clerk of Court is respectfully requested to amend the official caption as set forth above.

[**]    The late Circuit Judge Robert A. Katzmann, formerly a member of the panel, died before this opinion was filed.  Under 2d Cir. IOP E(b), this appeal is

(continued...)

Motion in No. 20-1762 by the United States to dismiss defendant's appeal from an order of the United States District Court for the Eastern District of New York, Nina Gershon, *Judge,* denying his motion under Fed. R. Crim. P. 36 to correct errors in his judgment of conviction ("First Order"). The government contends that that appeal is moot because the district court entered a second order, making the corrections requested in defendant's previously denied Rule 36 motion ("Second Order"). We conclude that because the district court entered the Second Order while defendant's appeal challenging the First Order was pending, the district court lacked authority to enter the Second Order; and we thus deny the government's motion to dismiss No. 1762.

In Nos. 20-3286 and 20-3276, which have been consolidated with No. 20-1762, defendant appeals from the Second Order (No. 20-3286) and appeals from an order denying his motion for compassionate release under the First Step Act (No. 20-3276). Because the Second Order indicates the district court's desire to correct the judgment of conviction, in Nos. 20-1762 and 20-3286 we vacate the First Order and the Second Order, respectively; and we remand to the district court, restoring its

---

(...continued)
being decided by the remaining members of the panel, who are in agreement.

authority to enter whatever amended judgment it finds appropriate to correct the operative judgment's clerical errors.

We direct the Clerk of Court to unconsolidate No. 20-3276, which challenges the denial of defendant's motion for compassionate release, and to recalendar that appeal for a merits panel or a motions panel, as appropriate, for resolution in the ordinary course, and to consider consolidating No. 20-3276 with a new First Step Act appeal filed by Jacques, No. 21-1277.

Vacated and remanded in Nos. 20-1762 and 20-3286; No. 20-3276 is to be restored to the calendar.

> Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York (Amy Busa, Ryan Harris, Assistant United States Attorneys, Brooklyn, New York, of counsel), *for Appellee*.
>
> Gary Jacques, Fort Dix, New Jersey, *Defendant-Appellant pro se*.

KEARSE, *Circuit Judge*:

In appeal No. 20-1762, defendant *pro se* Gary Jacques, who was convicted of various offenses in 2011, and whose sentence was thereafter reduced pursuant to 18 U.S.C. § 3582(c)(2) as reflected in a 2016 amended judgment ("First Amended

Judgment"), appeals from a May 27, 2020 order of the United States District Court for the Eastern District of New York, Nina Gershon, *Judge*, denying his motion under Fed. R. Crim. P. 36 to correct erroneous descriptions of the crimes of which he was convicted ("First Order" or "First Rule 36 Order"), as they appear in the original judgment (and are repeated in the First Amended Judgment). The United States moves to dismiss this appeal as moot because the district court entered a second order dated September 9, 2020 ("Second Order" or "Second Rule 36 Order"), making the changes requested in Jacques's previously denied Rule 36 motion, the denial that is the subject of the present appeal. We conclude that because the district court entered the Second Order during the pendency of Jacques's appeal challenging the First Order, the district court lacked authority to enter the Second Order; and we thus deny the government's motion to dismiss No. 20-1762.

The appeals in Nos. 20-3286 and 20-3276 have been consolidated with No. 20-1762. In No. 20-3286, Jacques appeals from the Second Rule 36 Order, contending that it contains errors; in No. 20-3276, he appeals from a September 9, 2020 order denying his motion for compassionate release under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act" or "FSA"). Because the Second Rule 36 Order indicates the district court's desire to correct Jacques's amended

- 4 -

judgment of conviction, in Nos. 20-1762 and 20-3286 we vacate the district court's First Order and Second Order, respectively; and we remand to the district court, restoring its authority to enter whatever further amended judgment of conviction it finds appropriate to correct the clerical errors in the First Amended Judgment. We direct the Clerk of Court to unconsolidate No. 20-3276, Jacques's appeal from the denial of his First Step Act motion, and to recalendar that appeal for a merits panel or a motions panel, as appropriate, for resolution in the ordinary course.

In 2009, Jacques was charged in a superseding indictment ("Indictment") with six cocaine-trafficking-related offenses. Prior to trial, the fifth count was dismissed, and Count Six was accordingly renumbered Count Five. The jury convicted Jacques on all five surviving counts; however, its verdict on Counts One and Two found him guilty with respect to smaller quantities of cocaine than were alleged in the Indictment. Thus, whereas Count One charged Jacques with conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II), and Count Two charged him with possession with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii)(II), both Class A felonies, the jury on Counts One and Two found Jacques guilty with respect to at least 500 grams of cocaine but less than

- 5 -

five kilograms--Class B felonies under 21 U.S.C. § 841(b)(1)(B). Had he been convicted of the Class A felonies under § 841(b)(1)(A), he would have been exposed to more severe punishment.

The district court sentenced Jacques consistently with the jury's verdict; and on direct appeal this Court, in affirming Jacques's convictions and sentence, correctly referred to the quantities of cocaine involved in his convictions on Counts One and Two as more than 500 grams but less than five kilograms. *See United States v. Jacques*, 555 F. App'x 41, 45 (2d Cir. 2014). However, both the original judgment and the First Amended Judgment erroneously listed Jacques's convictions on Counts One and Two as involving more than five kilograms, as charged in the Indictment. In addition, although the Indictment's renumbered Count Five charged Jacques with possession with intent to distribute cocaine--and the jury found him guilty as charged--the original judgment and the First Amended Judgment (which superseded the original judgment) erroneously listed his Count Five conviction as conspiracy to so possess, rather than possession.

A. *Jacques's Rule 36 Motion*

In December 2019, Jacques filed a "MOTION TO CORRECT CLERICAL ERROR (FED. R. CRIM. P. 36)," which sought to have Counts One and Two in the original judgment

> corrected to reflect that the defendant was given a reduced sentence on Counts One and Two and would like the counts changed to 21 U.S.C. § 846 and § 841(b)(1)(B)(ii)(II) Conspiracy to Possess with Intent to Distribute Cocaine, a Class B felony, (Count Five) which would coincide with United States District Judge Nina Gershon's sentencing defendant with five to forty years for Counts One and Two.

(Jacques's Rule 36 Motion at 1.) Despite that reference to "Count Five," the motion did not appear to request correction of the erroneous description of Count Five, which listed his crime as conspiracy rather than the substantive crime of possession. In the motion's "CONCLUSION," Jacques stated only that "Defendant would like [the] Court to change Counts One and Two," and did not mention Count Five. And as to Counts One and Two, his motion did not explicitly state that the judgment attributed to him drug quantities higher than the quantities expressly found by the jury.

The district court denied the Rule 36 motion on May 27, 2020, stating principally as follows:

> Defendant's motion to correct a judgment dated March 2, 2011, under Federal Rule of Criminal Procedure 36, based upon what he claims to be a "clerical error," is denied. Defendant bases his application on an objection made by the United States Attorney's Office, dated January 11, 2011, to [a presentence report paragraph] which objection sought a reduction in the applicable sentencing range. Defendant now seeks to have the counts upon which he was convicted "corrected." Based upon the facts which defendant has identified, there is no ground for changing the counts in the judgment. The court cannot retroactively change the counts upon which the jury found defendant guilty. In any event, such a "correction" would have no impact on the sentence imposed.

First Rule 36 Order. The court also noted that the original judgment, which Jacques's motion sought to correct, had been superseded by the amended judgment entered in 2016. Jacques immediately appealed the denial of his Rule 36 motion, opening No. 20-1762 (the "First Rule 36 Appeal").

B. *The Second Rule 36 Order, Following a Motion for FSA Relief*

In the Spring of 2020, Jacques moved twice in the district court for compassionate release under the First Step Act (the ultimate denial of which is the subject of his appeal in No. 20-3276). In his second FSA motion, Jacques pointed to the clerical errors in his original judgment (this time including the erroneous listing of his conviction on Count Five) and asserted, *inter alia*, that the errors provided

grounds for his compassionate release. On September 9, 2020, the district court denied Jacques's FSA motion on the merits (the "First Step Act Order").

However, the government's opposition to Jacques's FSA motion had also contained a footnote stating that Jacques was correct in contending that the judgments contained errors in the descriptions of his counts of conviction (*see* Government letter to the district court dated July 6, 2020, at 10 n.5)--as Jacques had contended in his December 2019 Rule 36 motion, and as he was arguing in his pending May 2020 appeal from the district court's denial of that motion. The government's letter directed the court's attention specifically to the jury's verdict sheet and stated that the court could "correct these clerical errors" under Rule 36. (*Id*.)

On September 9, 2020, the district court entered the Second Rule 36 Order. The court stated that, "[r]elying on the factual basis presented by Mr. Jacques at the time, I denied his motion," but "[u]pon the fuller record before me at this time, I now recognize that the original judgment contained the same errors as those in the amended judgment." Second Rule 36 Order at 3. Noting that "the errors are solely clerical," that Jacques's "sentence was not affected by any errors in the judgment" and that "Jacques was sentenced according to [the jury's] verdict and not the charges on

which he was indicted," *id*. at 1-2, the court stated "[t]oday, I issue a second amended judgment, which corrects clerical errors contained in the amended judgment," *id*. at 1.

The district court acknowledged that Jacques's appeal from the First Order, denying his Rule 36 motion, was pending, and it instructed the government to inform this Court of the Second Order. The court stated that "[a]lthough an appeal typically divests the district court of jurisdiction, the district court retains the ability to 'correct clerical errors under Fed. R. Crim. P. 36 or to act to aid the appeal.'" *Id*. at 3 n.3 (quoting *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989)).

C. *The Motion Before Us*

The government has moved to dismiss Jacques's appeal in No. 20-1762 as moot on the ground that, by entering the Second Rule 36 Order, with a second amended judgment, the district court granted the relief that Jacques sought in his Rule 36 motion and has pursued on this appeal. For the reasons that follow, we deny the motion to dismiss the appeal; we vacate the First and Second Rule 36 Orders; and we remand to restore the district court's authority to make such corrections to the First Amended Judgment as the court finds appropriate to correct the clerical errors.

DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure (or "Criminal Rules"), which govern criminal proceedings in the district court, states as follows:

> After giving any notice it considers appropriate, the court *may at any time* correct *a clerical error* in a judgment, order, or other part of the record, or *correct an error in the record arising from oversight or omission*.

Fed. R. Crim. P. 36 (emphases added). We have viewed "clerical" errors as "minor, uncontroversial errors," *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) ("*Werber*"), errors "'not . . . of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit,'" *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("*Burd*") (quoting *Werber*, 51 F.3d at 347). "An amanuensis is 'one employed to write from dictation or to copy manuscript.'" *Burd*, 86 F.3d at 288 (quoting Webster's Seventh New Collegiate Dictionary (1965)).

Clerical errors include such mistakes as listing the wrong statutory citation for the offense of which the defendant was convicted, *see, e.g., United States v. Yannai*, 791 F.3d 226, 247 (2d Cir. 2015) (listing conviction for unlawful employment of aliens as violating 8 U.S.C. § "1324," rather than § 1324a), *cert. denied*, 577 U.S. 1239

(2016); *United States v. Latorre-Benavides*, 241 F.3d 262, 264 (2d Cir.) (listing 8 U.S.C. § "1236(a)"--a statutory section that does not exist--rather than § 1326(a)), *cert. denied*, 532 U.S. 1045 (2001); *United States v. Banol-Ramos*, 516 F. App'x 43, 48 (2d Cir. 2013) (listing 18 U.S.C. § "2239B"--a section that does not exist--instead of § 2339B); or the misspelling of the defendant's name, *see, e.g.*, *Marmolejos v. United States*, 789 F.3d 66, 68 (2d Cir. 2015) (misspelling the name as "Marmolejas"); or reversing the statutory sections that were applicable to two counts of conviction, *see, e.g.*, *United States v. Alexander*, 860 F.2d 508, 515 (2d Cir. 1988) (describing RICO conspiratorial conduct as violating the statutory section applicable to the RICO substantive offense, and vice versa).

Clerical errors do not include, for example, a failure to structure a sentence so as to avoid imposing prison terms that exceed the statutory maximum. *See, e.g.*, *Burd*, 86 F.3d at 288 (correction required reconfiguration of the sentence to make some terms consecutive to others, rather than having all terms concurrent, and imposing prison terms on some counts that were shorter than originally intended). Nor is the inadvertent selection of a prison term an error that can be termed clerical when it was based on a misunderstanding of, for example, how a sentencing guideline addressing time served in federal presentence detention would apply to the

defendants' case, *see Werber*, 51 F.3d at 347; *see also United States v. DeMartino*, 112 F.3d 75, 81 (2d Cir. 1997) (correction of written judgment to state that the defendant was sentenced to 63 months' imprisonment with 15 months to be served concurrently with a sentence he was already serving, whereas the sentence imposed orally was to 48 months' imprisonment, was not a correction that was clerical).

In the present case, all agree (now) that the errors complained of by Jacques in his Rule 36 motion were clerical. The judgment as to Jacques's convictions on Counts One and Two plainly copied the charge in the Indictment, rather than the findings in the jury's verdicts. And the error in the judgment as to his conviction on Count Five, describing the crime as conspiracy to possess, rather than possession-- despite the fact that possession was the offense submitted to and found by the jury-- must be considered clerical, as no other explanation for that error is apparent. Jacques is clearly entitled to have those errors corrected pursuant to Rule 36. The question at issue here is whether the provision in Rule 36 stating that a clerical error may be corrected "at any time" means that the district court may do so after it has denied the defendant's Rule 36 motion and the defendant's appeal from that denial is pending.

As a general matter, the filing of a notice of appeal "confers jurisdiction on the court of appeals and *divests the district court of its control over those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("*Griggs*") (emphasis added). It is not "tolerable" to have "a district court and a court of appeals . . . simultaneously analyzing the same judgment," *id.* at 59, *i.e.,* to have "situations . . . in which district courts and courts of appeals would both have . . . the power to modify the same judgment," *id.* at 59-60.

While Rule 36 states that the court may make a clerical correction to the judgment "at any time," nothing in the Criminal Rules or the Federal Rules of Appellate Procedure states that a Rule 36 motion--or a *sua sponte* Rule 36 correction by the district court--stays the effectiveness of a timely notice of appeal from the denial of a Rule 36 motion. There are a few motions under the Criminal Rules that can be made in the district court which delay the effectiveness of a notice of appeal in order to avoid such an overlap, *see* Fed. R. App. P. 4(b)(3); but Rule 36 is not among them. Jacques timely filed his notice of appeal from the May 2020 denial of his Rule 36 motion, giving this Court immediate jurisdiction to determine whether that motion has merit.

- 14 -

We note that it may be that the "at any time" phrase in Rule 36 was meant literally in the temporal sense, rather than in a situational sense. Before the adoption of the Federal Rules of Criminal Procedure in 1944, "the expiration of a term of court [w]as a time limitation for the taking of a step in any criminal proceeding." Fed. R. Crim. P. 45 Advisory Committee Note (1944). In fashioning the original Rule *35*, which provided, *inter alia*, that the district court "may correct an illegal sentence *at any time*," Fed. R. Crim. P. 35 (1944) (emphasis added), the Advisory Committee stated that this provided "a flexible *time* limitation on the power of the court to reduce a sentence, *in lieu of the present limitation of the term of court*." Fed. R. Crim. P. 35 Advisory Committee Note (1944) (emphases added).

The brief 1944 Advisory Committee Note to Rule 36 did not similarly refer to the term-of-court limitation; but it stated that Rule 36 continued "existing law," citing *Rupinski v. United States*, 4 F.2d 17 (6th Cir. 1925). In that case, the court of appeals held that it had the power to grant a request for the "clerical" correction of an "error . . . discovered[] *long after the term had passed*." *Id*. at 18 (emphasis added).

In the present case, the district court stated that it retained jurisdiction to correct the clerical errors despite Jacques's pending appeal, citing *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) ("*Ransom*"). *Ransom* indeed stated that "the

- 15 -

rule [of *Griggs*] does not preclude a district court, after notice of appeal has been filed, from 'correcting clerical errors under Fed. R. Crim. P. 36 or from acting to aid the appeal,'" 866 F.2d at 575-76 (quoting *United States v. Katsougrakis*, 715 F.2d 769, 776 n.7 (2d Cir. 1983) ("*Katsougrakis*"), *cert. denied*, 464 U.S. 1040 (1984). But neither *Ransom* nor *Katsougrakis* dealt with the present situation, in which the district court sought to reconsider and modify its order denying a Rule 36 motion, during the pendency of an appeal from that very order of denial.

*Katsougrakis* was an appeal from a judgment of conviction, and the relevant issue was whether the admission at trial of a hearsay statement made by a declarant who died prior to trial was a violation of the Sixth Amendment's Confrontation Clause. *See* 715 F.2d at 775. While the appeal was pending, the district court filed a memorandum making a "retrospect[ive]" foundational finding as to the credibility of the witness who gave the hearsay testimony. *Id*. at 776 & n.6. We stated that the district court "erred by engaging in factfinding after notice of appeal had been filed" because "the filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment." *Id*. at 776. The opinion followed with the statement that the court, under Rule 36, despite the pendency of the appeal, could have corrected a clerical error--a

statement that plainly was dictum, given that there had been no semblance of an error that was clerical.

In *Ransom*, the defendant's appeal challenged the validity of his sentence, which included a period of supervised release. At the time of sentencing the district court had recognized that supervised release did not apply to Ransom because his offense was committed prior to the effective date of the statute authorizing that punishment. "Nevertheless, a term of supervised release was inadvertently included in the sentence." 866 F.2d at 575. After the notice of appeal was filed, the district court entered an amended judgment eliminating supervised release and modifying two further conditions that had been tethered to the period of supervised release. We began our discussion of the validity of such an amendment by noting that "[a] notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,'" and noting that this "rule applies in criminal cases." *Id*. (quoting *Griggs*, 459 U.S. at 58). We then stated that although the district court would have had authority to make a clerical correction to the judgment while the appeal was pending (citing *Katsougrakis* as indicated above), "we have not relaxed the rule to the point of permitting substantive

modifications of judgments," and the district court was "not . . . authorized to act after notice of appeal has been filed," *Ransom*, 866 F.2d at 576.

Given our stated disinclination to permit "substantive modifications" of a judgment while an appeal is pending, but also given the fact that a clerical error obviously could have a substantive effect--for example, subjecting a defendant to more severe penalties for subsequent crimes by misdescribing his 18 U.S.C. § 1951 offense as Hobbs Act robbery, which is a crime of violence, instead of as Hobbs Act conspiracy, which is not a crime of violence, *see*, *e.g.*, *United States v. Barrett*, 937 F.3d 126, 127-28 (2d Cir. 2019)--it is not entirely clear whether or not *Ransom* viewed the district court's "inadvertent[]" inclusion, 866 F.2d at 575, of supervised release in the original judgment as an error that was clerical. But regardless of the nature of the error, there is no question as to what we believed to be the proper appellate response to the district court's amendment to eliminate--after the appeal was filed--the aspect of the judgment that was the subject of the appeal. We "conclude[d] that the sentence must be remanded to the District Court to make its revision unimpaired by the pendency of an appeal," *id.*, *i.e.*, we remanded to the district court to "restore [its] authority" to amend the judgment, *id*. at 576.

We did not dismiss the appeal as moot. And we are unaware of any case in which we have held it permissible for a district court to correct Rule 36 errors while there was an appeal pending from its denial of a Rule 36 motion involving those errors.

## CONCLUSION

We deny the government's motion to dismiss as moot No. 20-1762, Jacques's appeal from the district court's First Rule 36 Order. We vacate that order, as well as the court's Second Rule 36 Order--the subject of Jacques's appeal in No. 20-3286. The Second Rule 36 Order serves as an adequate notice of the court's intention to correct the clerical errors in Jacques's First Amended Judgment, and we remand Nos. 20-1762 and 20-3286, to restore its authority to do so.

Jacques's pending motions to file a surreply and for assignment of counsel in these two cases are denied as moot.

We direct the Clerk of Court to unconsolidate No. 20-3276, in which Jacques challenges the denial of his second motion for FSA compassionate release, and to recalendar that appeal for a merits panel or a motions panel, as appropriate,

for resolution in the ordinary course--and to consider consolidating it with another appeal, No. 21-1277, which we are informed Jacques has filed from the denial of another motion for FSA relief.