24-2330-cr
United States v. Paige

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty-five.

PRESENT:  AMALYA L. KEARSE,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                 No. 24-2330-cr

JAIDEN PAIGE,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:                 BARCLAY T. JOHNSON,
                                         Assistant Federal Public
                                         Defender, *for* Michael L.
                                         Desautels, Federal Public
                                         Defender for the District of
                                         Vermont, Burlington, VT

FOR APPELLEE:                            MATTHEW J. GREER (Eugenia
                                         A.P. Cowles, *on the brief*),
                                         Assistant United States
                                         Attorneys, *for* Michael P.
                                         Drescher, Acting United States
                                         Attorney for the District of
                                         Vermont, Burlington, VT

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Jaiden Paige appeals from an August 20, 2024 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*) revoking his supervised release and sentencing him to a term of imprisonment of twenty-seven months to be followed by a five-year term of supervised release. The District Court concluded that Paige had violated the conditions of supervised release because it found by a preponderance of the evidence that he had used

cocaine and committed the offense of unlawful restraint in the second degree[1] in violation of Vermont law. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review revocations of supervised release for abuse of discretion. *United States v. Peguero*, 34 F.4th 143, 152 (2d Cir. 2022); *see* 18 U.S.C. § 3583(e)(3). "A district court would necessarily abuse its discretion if it based its ruling on," *inter alia*, "a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). In finding that the Government proved by a preponderance of the evidence that Paige "knowingly restrain[ed]" Daniel Clark in violation of Vermont law, Vt. Stat. Ann. tit. 13, § 2406(a)(3), the District Court credited Clark's testimony that Paige had tied him up and threatened him. Paige asks us to assign error to the District Court's credibility finding.

"Assessments of witness credibility and choices between competing inferences lie solely within the province of the" trier of fact. *United States v.*

---

[1] Although the District Court found that Paige violated his supervised release by committing unlawful restraint in the second degree, the judgment refers to the state-law offense of unlawful restraint in the first degree. *See* Joint App'x 216. The District Court should correct this error in the judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *See United States v. Jacques*, 6 F.4th 337, 341 (2d Cir. 2021).

*Payne*, 591 F.3d 46, 60 (2d Cir. 2010). For that reason, "[w]e are not allowed to second-guess" credibility findings absent clear error. *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). A factual finding is clearly erroneous "only if, after reviewing all of the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (quotation marks omitted).

The core of Clark's testimony at the revocation hearing was that he and Paige had a dispute that ended in Paige tying up Clark with cords and pushing him face down onto a bed. Paige asserts that Clark's testimony was so rife with inconsistencies and omissions that it could not support the District Court's credibility finding as a matter of law. We disagree. Notwithstanding any "purported inconsistencies in the record," the District Court's credibility assessment was not clearly erroneous. *See Peguero*, 34 F.4th at 154. Among other things, Clark's testimony and statements to law enforcement about Paige's offense included admissions as to his own criminal conduct, which the District Court was entitled to consider as a factor that "establish[es] reliability," *United States v. Napolitano*, 761 F.2d 135, 139 (2d Cir. 1985). And the core of Clark's testimony aligned with both a statement that he gave to the Vermont State Police

4

("VSP") shortly after the incident and a statement he later gave to the Federal Bureau of Investigation ("FBI").  For these reasons, we conclude that the District Court did not clearly err when it credited Clark's testimony and did not abuse its discretion when it found that Paige violated the terms of his supervised release based in part on that evidence.

Second, Paige maintains that the District Court erroneously relied on hearsay statements contained in Paige's presentence report ("PSR") without conducting the interest-of-justice analysis ordinarily required to admit hearsay evidence for revocation hearings.  *See* Fed. R. Crim. P. 32.1(b)(2)(C); *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006), *abrogated on other grounds by Esteras v. United States*, 606 U.S. 185 (2025).  The challenged statements in the PSR consist of an account by a hearsay declarant describing other instances of Paige tying up victims.  We have not decided whether Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure requires a district court to conduct an interest-of-justice analysis with respect to hearsay contained in a PSR that the district court adopted in connection with the defendant's original sentencing.

But even assuming that Rule 32.1(b)(2)(C) compelled the District Court to engage in a full interest-of-justice analysis under these circumstances, any error

5

in its failure to do so was harmless.  *See United States v. Aspinall*, 389 F.3d 332, 346 (2d Cir. 2004), *abrogated on other grounds by United States v. Booker*, 543 U.S. 220 (2005).  Clark's testimony, together with the reports filed by the VSP and the FBI, themselves more than sufficed to support the District Court's finding by a preponderance of the evidence that Paige knowingly restrained Clark, even absent the statements in the PSR.  *See United States v. Diaz*, 986 F.3d 202, 211 (2d Cir. 2021).  Moreover, the District Court made clear that it considered the PSR only for the very limited purpose of determining that Clark's testimony was not "far-fetched, fantastical, or incredible," and that it merely "buttress[ed]" the court's finding that Clark was "generally credible."  Joint App'x 213.  Any error from the District Court's consideration of the hearsay statements in the PSR was therefore harmless.

We have considered Paige's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6